## PRICE & SIMPSON *vs.* GILLESPIE ET AL.

### [MOTION TO AMEND JUDGMENT NUNC PRO TUNC.]

1. *Recital in judgment, unless shown by record to be untrue, sufficient to sustain it.*—A recital in a judgment *nunc pro tunc*, that sufficient matter to authorize its rendition was disclosed to the court " by sufficient, competent, and satisfactory evidence," will sustain the judgment, if the parties appear to the motion, and do not show, either by bill of exceptions or in some other appropriate manner, that the recital is untrue.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. JOHN E. MOORE.

The appellants, suing as partners, obtained a judgment before a justice of the peace against Henry Gillespie and Lucy Gillespie, which was removed by *certiorari*, on the petition of the said Lucy Gillespie, to the circuit court. The plaintiffs there filed a complaint on a bond; to which Lucy Gillespie pleaded coverture, and her co-defendant *nil debet*. At the March term, 1855, a trial was had on issues joined on these pleas, when the jury found a verdict in favor of Lucy Gillespie, and against Henry Gillespie; and the court thereupon rendered judgment, that said Lucy Gillespie go hence without day, and that the plaintiffs recover of said Henry Gillespie, and of his sureties on the *supersedeas* bond, the amount of the debt and damages assessed by the jury, with the costs,

Henry Gillespie afterwards filed a petition in the court, directed to the clerk, alleging that an error had been committed in the taxation of the costs, and praying that the sheriff might be instructed not to collect the items erroneously taxed against him; and the clerk issued an order to the sheriff in accordance with the prayer of the petition.

At the September term, 1855, the following judgments were rendered in the cause:

" Came the parties, by their attorneys; and on motion of the defendant, Lucy Gillespie, it appearing to the satisfaction of the court that there has been an error committed by the clerk in the taxation of the costs, in failing to allow the said Lucy Gillespie an attorney's fee, and also in failing to allow her against plaintiff an aliquot proportion of the costs of this case in addition to said attorney's fee; and it appearing to the satisfaction of the court that the said Lucy Gillespie made a successful defence in this case: It is therefore ordered, adjudged, and decreed by the court, that said Lucy Gillespie recover of said Price & Simpson, plaintiffs in this case, a tax-fee of $5, and one half of the costs incurred; and that she go hence without day."

" Came the parties, by their attorneys; and defendants suggest that a manifest error has been made in the entry of the judgment in this case, at the last term of this court, in entering the same against John R. McBride and Henry A. McGehee, as the sureties of Henry Gillespie on an appeal bond in this case; and the said error appearing to the court, by sufficient, competent, and satisfactory evidence, on motion of the defendants, it is ordered, adjudged, and decreed by the court, that the judgment heretofore rendered in this case be revoked, annulled, and held for naught, and that the following judgment be rendered now for then: . Came the parties, by their attorneys; and the said Lucy Gillespie pleads coverture, in short by consent, and the said Henry Gillespie pleads *nil debet*, in short by consent; and issues being taken, thereupon came a jury," &c., " who, upon the issues joined do say, ' We, the jury, do find the issues on the plea of coverture in favor of the defendant Lucy Gillespie, and the issue of *nil debet* on the other plea for the plaintiffs, and assess the plaintiffs' debt at $30 66, together with the further sum of $12 50 damages

Price & Simpson v. Gillespie et al.

by way of interest, together with their costs.' Thereupon, it is considered by the court, that the defendant Lucy Gillespie go hence without day, and that plaintiffs recover of said Henry Gillespie the said sum of $30 66 debt, damages, and interest, assessed by the jury as aforesaid, beside their costs," &c.

The following errors are now assigned:

"1. The court erred in setting aside, revoking and annulling the judgment rendered in this cause at the March term, 1855, by the judgment rendered at the September term, 1855.

"2. The court erred in revoking, annulling and setting aside the judgment rendered against Henry Gillespie, and John R. McBride and H. A. McGehee, the sureties on the *supersedeas* bond, at the March term, 1855, by the judgment rendered at the September term, 1855.

"3. The court erred in rendering the judgment *nunc pro tunc* at the September term, 1855, after the rendition of the judgment at the March term, 1855.

"4. The court erred in rendering the judgment *nunc pro tunc* at the September term, 1855, upon the petition of Henry Gillespie to re-tax the costs."

PETERS & HODGES, for the appellants.

DAVID P. LEWIS, *contra*.

RICE, J.—A recital in a judgment *nunc pro tunc*, that sufficient matter to authorize it to be entered was disclosed to the court "by sufficient, competent and satisfactory evidence," will sustain it, if the parties appeared upon the motion to perfect the judgment, and do not show by bill of exceptions, or in some other appropriate manner, that such recital is untrue.—Rains v. Ware, 10 Ala. R. 623.

The entry made at the September term, 1855, of the circuit court of Lawrence, whereby the judgment rendered at the preceding term was "revoked, annulled, and held for naught," and another judgment substituted for it, is a judgment *nunc pro tunc*, and must be sustained upon the principle above announced. The first three assignments of error relate to that entry, and show no cause for reversal. The fourth assignment of error assumes that there was a judgment *nunc pro tunc*, rendered "upon the petition of *Henry* Gillespie to re-tax

19

the costs." This assumption is not sustained by the record. The judgment for re-taxation of costs was rendered upon "the motion of the defendant, *Lucy* Gillespie," and is not embraced by the assignments of error.

There is nothing embraced by the assignments of error which authorizes a reversal, and the judgment is affirmed.