FARMER *vs.* WILSON.

HARVARD LAW SCHOOL LIBRARY.

[AMENDMENT OF JUDGMENT NUNC PRO TUNC.]

1. *Sufficiency of evidence to authorize amendment.*—On motion to amend a judgment *nunc pro tunc*, entries on the court and bar docket, which are *quasi* records, are admissible evidence; and a recital in the amended judgment, that the court *is of opinion* from an inspection of said dockets, &c., is equivalent to an averment that the court deemed the evidence satisfactory, and is sufficient to sustain the amendment, unless the entries themselves are shown to be insufficient.

2. *Identification of exhibits to record or bill of exceptions.*—Where entries on a docket are intended to be made part of the record, it is necessary that they should either be set out in the bill of exceptions or judgment entry, or be so described and identified as to prevent mistakes by the transcribing officer.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. JOHN E. MOORE.

THIS action was brought by Priscilla Wilson against John T. Farmer and John W. Chisholm, and was founded on the defendants' note under seal for $162 67. Both of the defendants were served with process. At the return term of the writ, the suit was dismissed as to Chisholm, and a judgment by default entered against Farmer. At the next term, on notice to the defendants, the plaintiff moved to amend this judgment *nunc pro tunc*, as of the preceding term, so as to vacate the order dismissing the suit as to Chisholm, and to enter judgment by default against him. On this motion the court rendered the following judgment: "This day came the plaintiff," &c.; "and it appearing to the court that the said Farmer and Chisholm have had due notice of this motion, and now,

appearing by attorney, oppose the motion to amend as aforesaid; and argument being had for both plaintiff and defendants; and the court being of opinion from the records and dockets, to-wit, the court and bar dockets, which are here made a part of this record of the cause, that judgment by default ought to have been rendered, at the last term, as well against said Chisholm as against said Farmer, and that it was a clerical error dismissing the suit as to said Chisholm, and failing to enter judgment by default against him as it was against said Farmer: It is therefore considered by the court, that the judgment rendered in this cause at the last term be so amended as to set aside that part of it which dismisses the suit as to said Chisholm, and that the plaintiff recover of said Chisholm, as well as of said Farmer, the sum of $162 67 debt, and the sum of $11 27 damages, together with the costs, jointly with said Farmer, *nunc pro tunc.*" The only entry on the court docket, relative to the case, as copied in the transcript by the clerk, is in these words: "Dismissed as to Chisholm, and judgment by default as to Farmer."

The appeal was sued out by Farmer before the rendition of the amended judgment. The errors assigned are, the rendition of judgment by default against Farmer alone, and the amendment of the judgment *nunc pro tunc.*

Jno. S. & E. W. Kennedy, for appellant.

R. W. Walker, and Jas. Irvine, *contra.*

STONE, J.—If the amended judgment in this record is to be regarded as the judgment, there can be no question that the record is free from error. That judgment is in every respect formal and sufficient. In fact, none of the assignments of error question its sufficiency.

It is urged for appellant, that the circuit court erred in amending the judgment *nunc pro tunc,* because there was nothing in the record to amend by. In reply to this objection, it is contended for appellee, among other things, that the recitals in the amended judgment are sufficient

to sustain it; that what purports to be copies from the court and bar dockets, are no part of the record in this court, and hence there is nothing in the record which authorizes us to hold that the circuit court erred in amending the judgment *nunc pro tunc.* The recitals in the judgment entry are as follows: "The court being of opinion from the records and dockets, to-wit, the court and bar dockets, which are here made a part of this record of the cause, that judgment by default ought to have been entered at the last term of the court, as well against said Chisholm as against said Farmer, and that it was a clerical error dismissing the suit as to said Chisholm," &c.; and the court thereupon rendered judgment against both defendants.

The following authorities are to the point, and show that the court, in considering the motion, had authority to consult the entries upon the dockets, as *quasi* record evidence in the cause; and that amendments, granted upon sufficient evidence drawn from that source, will be upheld. The recital, that the court was *of opinion from the record and dockets, &c.,* is a sufficient averment that the court was satisfied: in other words, that the evidence was sufficient and satisfactory.—Yonge v. Broxson, 23 Ala. 684; Glass v. Glass, 24 Ala. 468; Price v. Gillespie, 28 Ala. 279; Rains v. Ware, 10 Ala. 623.

We do not think the portions of the court and bar dockets found in this transcript, are sufficiently identified to authorize us to regard them as a part of the judgment entry, which, in this case, stands for a bill of exceptions. The record (judgment entry) does not set out a copy of them, nor are they so described by marks, parties, or other identifying features, as to leave no room for mistakes in the transcribing officer. The only description given is, "the court and bar dockets, which are here made a part of this record." This description contains no identifying features, but leaves the question of identification to the act and certificate of the clerk. To hold the description in this case sufficient, would be to establish a very dangerous precedent.—Branch Bank v. Mosely, 19 Ala. 222; Bradley v. Andress, 30 Ala. 80; Waring v. Gilbert,

25 Ala. 295; Stodder v. Grant, 28 Ala. 416; Gains v. Beirne, 3 Ala. 114; Saunders v. Camp, 6 Ala. 73; Bostwick v. Beach, 18 Ala. 80.

It has been argued before us, that inasmuch as the judgment *nunc pro tunc* was rendered after this appeal was taken, we cannot, on this appeal, consider the sufficiency of the grounds on which it was rendered; that to bring up that question, a new appeal is necessary. The principles above declared render a decision of this question unnecessary.—See Andrews v. Br. Bank, 10 Ala. 373; Moore v. Horn, 5 Ala. 234.

The judgment of the circuit court is affirmed.