## Leinkauff & Strauss *et al.* v. Tuskaloosa Sale & Advancing Co. *et al.*

### Summary Proceeding against Sheriff and the Sureties on his Official Bond.

1. *Appeal must be taken within twelve months from rendition of judgment.*—Where in an attachment proceeding there are several distinct judgments rendered and an appeal is taken from the last judgment, such of said judgments as were rendered more than twelve months before the prosecution of the appeal can not be considered by the appellate court; the statute requiring that an appeal should be prosecuted within twelve months from the rendition of the judgment sought to be reviewed in the appellate court.

2. *Amendment nunc pro tunc; when no error.*—Error can not be predicated upon an order granting a motion to amend a judgment *nunc pro tunc*, when the order allowing the amendment recites, and it is shown, that the record itself disclosed sufficient matter to authorize such amendment.

3. *Summary proceeding against sheriff.*—The statutory provisions allowing summary judgments against sheriffs, (Code, §§ 2961, 3095-3113, 3325-29,) apply only to the particular defaults specified, and can not be extended by construction; and where, pursuant to an order of court, a sheriff distributes among certain designated attaching creditors the whole fund arising from a sale of the property levied on under attachment, a summary judgment can not be rendered against said sheriff and the sureties on his official bond for his failure to pay over to some of the other attaching creditors their *pro rata* share of

[Leinkauff & Strauss *et al.* v. Tuskaloosa Sale & Advancing Co. *et al.*]

the proceeds of said sale; the statute not authorizing such a summary judgment.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. SAMUEL H. SPROTT.

Several creditors, including the appellants, Leinkauff & Strauss and Katz & Barnett, sued out attachments against their common debtor, The Tuskaloosa Sale & Advancing Co., which were levied upon the stock of goods belonging to said defendant. At the Fall term of the court, 1890, all the attaching creditors submitted a motion in their respective cases, to sell the property so levied on, on the ground that the property was being kept at great expense and was of a perishable nature. This motion was granted by the court, on the 10th of October, 1890; and the sheriff was ordered to sell the property, which he proceeded to do on the 7th November, 1890. A dispute arose as to the point of time when the attachments of the appellants were levied; the appellees contending that they were received and levied after other attachments had been levied, and appellants, that their writs were in the hands of the sheriff before he levied the others, and that they were all levied at the same time, and were entitled to share in the proceeds of the sale.

On the 11th of November, 1890, certain of the attaching creditors—seven in number—filed their written motion to the court for an order directing the sheriff, to pay over to each of said plaintiffs, out of the proceeds of the sale of said goods, the amounts of their respective demands—upon their entering into bond as provided by section 2960 of the Code, which motion coming on to be heard, on the 21st of November, 1890, was granted by the court, and the sheriff was, by the order of the court duly entered, instructed to pay "to each of said plaintiffs, out of the proceeds of said sale in his hands—after reserving an amount sufficient to cover the probable costs and charges in said several causes, to be determined by him—the amount of their several demands, upon each of said plaintiffs entering into bond as provided in section 2960 of the Code of Alabama." In obedience to said order, he paid said funds to said plaintiffs, upon each of them entering into bond as prescribed by said section 2960 of the Code. Each of said bonds was indorsed and

filed with the clerk as required by statute in such cases, and there remained thereafter in the hands of the sheriff, no part of said fund wherewith to pay the demands of the appellants.

On the 4th April, 1891, the appellants, as attaching creditors, filed their motion, based upon allegations that they were entitled to distribution in said fund, for an order of the court directing the sheriff to distribute the fund in his hand equally among the attaching creditors, with the exception of Lowenstein Bros., who, it was admitted, ought to be first paid, which motion, after being continued until the 11th July, 1891, was granted by the court; but, at that time, as it appears, the sheriff had already paid over said fund to the other plaintiffs in attachment under the order and instruction of the court, upon their executing bond as required by section 2960 of the Code, and there remained no part of said fund in the hands of the sheriff at the date of said last order, of the 11th July, 1891.

On the 5th December, 1891, the appellants, as attaching creditors, filed a motion in said court for a rule against the sheriff, E. R. King, and the sureties on his official bond, to show cause why a summary judgment should not be rendered against them. This motion was based upon the allegations that the movants' attachments had been levied on the goods sold at the same time the other attachments had been levied; and the object of the motion was to require the sheriff to pay over to the movants certain sums of money which they alleged were their *pro rata* shares of the proceeds from the sale of said goods, and to have an execution against appellees—the sheriff and his sureties—in case the sheriff failed to pay over the said sums of money to appellants.

The motion sets out the amount of the claims of each creditor, aggregating the total sum of $6,166.59, and states that the total fund realized from the sale was 55½ *per cent.* of the total indebtedness; that 55½ *per cent.* of Leinkauff & Strauss' debt was $653.34, and of Katz & Barnett's, was $415.91—the amounts, as alleged, the sheriff should have paid over to said parties; and the motion was that the sheriff be required to pay to them by a date to be named these several amounts, with interest, and in event of his failure to do so, that execution issue against him and his bondsmen—the appellees. This

motion was refused on the 16th June, 1892, after having been submitted for decision by consent, and continued until that time. What evidence was submitted on this motion does not appear.

At the Spring term of said court, 1893, the appellees moved the court to amend *nunc pro tunc* the judgment entry of the 16th June, 1892, overruling the motion for a rule against the appellees to show why the sheriff should not pay to appellants the *pro rata* of their claims, which motion to amend, as the judgment entry recites, "having been argued by counsel and considered by the court, and it appearing to the court from an inspection of the records of the court, that the clerk made a mistake in entering the judgment heretofore rendered, in stating the names of the parties to the suit," it was considered and ordered by the court that the motion to amend said judgment entry *nunc pro tunc* be granted, and the judgment was amended so as to read as follows :

| "Leinkauff & Strauss Katz & Barnett v. The Tuskaloosa Sale and Advancing Company. | June 16, 1892. Motion for a rule against E. R. King, sheriff and his bondsmen [giving their names.] |
|---|---|

"In this cause the motion for a rule against E. R. King, sheriff, and his bondsmen, requiring the said E. R. King, sheriff, to pay over to the said plaintiffs certain moneys alleged to be due to them by the said sheriff as part of the proceeds of said sale of certain goods and chattels of defendant, The Tuskaloosa Sale & Advancing Company, under certain writs of attachment in the said sheriff's hands, or in default thereof for executions, against the said sheriff and his said bondsmen, coming on this day to be heard and determined by the court, after argument of the counsel and deliberation by the court, it is ordered by the court, that the motion be refused and overruled."

The present appeal was taken on the 12th of June, 1893, as appears from the certificate of appeal, which recites that appellants did, "on the 12th June, 1893, after giving security for costs, obtain an appeal to the Fall term, 1893, of the Supreme Court of Alabama, in a cause pending in said circuit court, wherein appellants

were plaintiffs and appellees were defendants.'' From what judgment the appeal was taken is not stated. But in the cost bond, given on the 10th June, 1893, for the appeal, its condition is given as follows : ''Whereas at the Spring term, 1893, of the circuit court of Tuskaloosa, a judgment was rendered against the said Leinkauff & Strauss and Katz & Barnett, in a cause wherein they were plaintiffs and the Tuskaloosa Sale & Advancing Company and E. R. King and his bondsmen were defendants, said judgment being rendered on the 10th day of June, 1893, as amending *nunc pro tunc* a judgment of the date of June 16th, 1892, and whereas the plaintiffs have this day made application for an appeal to the Supreme Court of Alabama to reverse said judgment, which has been granted upon their entering into this bond, now,'' &c.

The errors assigned are, the order of the court, made November 21, 1890, instructing the sheriff to pay over said funds to certain creditors, upon their executing the bonds required by section 2960 of the Code ; the refusal to grant said motion for a rule against the sheriff and his sureties, and the granting of the motion to amend said judgment *nunc pro tunc*.

G. W. VanHoose and A. B. McEachin, for appellant. 1. The appeal in this case can not be sustained.— *David v. David*, 66 Ala. 140. All parties interested in the subject matter of the motion were before the court upon the hearing of the motion, including sheriff King, as the leading one among them, and after an agreement of facts, the motion was heard and fully determined, and a valid and final judgment was rendered by the court, which sheriff King has not appealed from, and which now stands as a valid and subsisting judgment against said sheriff and in favor of appellants.—3 Brick. Dig., 580, § 75 ; *Sims v. Herzfeld*, 95 Ala. 145. 2. Section 2960 of the Code only authorizes a judge in vacation to order the fund from the sale of attached property paid over to the attaching creditors when all of them join in the application. The sheriff paid all the money over to a portion of the creditors under the order from a court of competent jurisdiction, which was valid on its face ; and there can not now be rendered a judgment of the court ordering him to pay to the appellants

their distributive share of the funds, nor a rule against him for not paying over the money. This is persuasive to show that the circuit judge did not have jurisdiction to grant the order in question to the sheriff, and the following authorities settles that proposition.—*Goodman v. Winter*, 64 Ala. 410; *Ex parte Thompson*, 52 Ala. 98; *Chandler v. Hanna*, 73 Ala. 390; *Janney v. Buell*, 55 Ala. 408; *Phillips v. Ash*, 63 Ala. 414; Will on Jurisdiction of Courts, 32, § 46, n. G.

FOSTER & OLIVER, *contra.*—1. The motion to expunge from the transcript certain parts thereof set forth in said motion should be granted. The appeal bond recites that an appeal was taken only from the judgment *nunc pro tunc.* A judgment *nunc pro tunc* is a final judgment from which an appeal will lie.—*Ex parte Gilmer*, 64 Ala. 234. There is no bond for the appeal from the judgment overruling appellant's motion. Appeal is not perfected unless bond is given.—Code, § 3622; *Kimbrell v. Rogers*, 90 Ala. 339. If the object of the appeal is to review both the judgments it should be dismissed. Two judgments at law can not be united in one appeal.—*Scranton v. Ballard*, 64 Ala. 402. And if two judgments are so united, the court will not attempt to separate them, dismiss as to one and review the other, but will, *ex mero motu*, dismiss the whole appeal.

2. If the court should consider the assignment of errors which question the correctness of the judgment of the court overruling the appellant's motion for a rule against the appellees, we respectfully submit that such action of the circuit court did not work any injury to appellant, and the case should be affirmed on the doctrine of error without injury.—3 Brick. Dig., 405, § 20, and authorities there cited.

3. The power of the court to render summary judgments is of statutory creation, and can not be extended by construction.—*Chandler v. Francis Vandegrift Shoe Co.*, 94 Ala. 233. There is no statutory authority for a summary judgment against a sheriff in a case like that made out in appellant's motion.—Code, § 3100, *et seq*.

HARALSON, J.—There is no bill of exceptions in this case. It was brought here on what purports to be an enrolled record. The judgment appealed from, as the

certificate of appeal and appeal bond show, is one which was rendered on the 12th day of June, 1893, amending *nunc pro tunc* a judgment of the date of June 16th, 1892. On that date, an incomplete judgment entry appears to have been made on the motion docket, overruling the appellants' motion against the defendant, King, and the sureties on his bond, for a rule *nisi*, to show cause why an order should not be made requiring him to pay over to appellants certain moneys collected by him, as alleged, in their respective attachment suits against said Tuskaloosa Sale & Advancing Company. What the original judgment entry of the 16th of June, 1892, overruling said motion, and which was amended *nunc pro tunc* on the 12th day of June, 1893, was, does not plainly appear from the transcript ; but the amended judgment recites, that it appeared to the court, from an inspection of the records, that the clerk of the court had made a mistake in entering the original judgment, in stating the names of the parties to the suit, and, therefore, it was ordered that said amendment be made, as we find it in this transcript, and which will be set out in the statement of the case. It is from this judgment, as has been stated, this appeal is prosecuted.

The appellants assign as error, besides this judgment, two other orders or judgments of the court, one made in vacation, November 21, 1890, directing the sheriff to distribute the funds in his hands, to the attaching creditors petitioning therefor under section 2960 of the Code, and the other, on said original judgment or order of the court, refusing to grant a rule *nisi* against said sheriff and his sureties, which was afterwards amended *nunc pro tunc* on the 12th day of June, 1893.

If we were to allow, that these three distinct rulings of the court could be united in one appeal, and errors assigned thereon to reverse them, and that the appeal was from each, we still could not consider the appeal as to the first judgment—the one, on the 21st of November, 1890—since more than twelve months intervened between its rendition and the prosecution of this appeal, on the 12th of June, 1893. And, we are not permitted to notice the second assignment of error, as to the ruling of the court on 16th June, 1892, overruling the motion for a rule *nisi*, for the reason, if for no other, that it is not appealed from.

As to the other and last assignment, that the court erred in amending said judgment *nunc pro tunc*, if we allow that there is an enrolled record and it is here in proper form—which it must be understood we do not do—there is no error shown in the allowance of the amendment ; but it appears on the contrary, that there was no error therein, since the *nunc pro tunc* amendment itself affirms, that on an inspection of the record, sufficient matter to authorize it appeared to the satisfaction of the court.—*Bryan v. Streeter*, 57 Ala. 104.

And it may be further added, as to a rule for a summary judgment against a sheriff and his sureties, that the statute makes no provision for such judgment, in a case of this kind, and it can not be extended by construction.—Code, §§ 3100—3106, 2961; *Chandler v. Francis Vandegrift Shoe Company*, 94 Ala. 233.

From what has been said, and for other reasons unnecessary to assign, it appears that the appellants have no case, and that the judgment appealed from should be affirmed.

Affirmed.