# Commissioners Court of Henry County v. Holland, *et al.*

### Certiorari to Review Stock Law Election.

#### (Decided April 2, 1912. 58 South. 270.)

1. *Animals; Stock Law District; Judgment; Validity.*—Where the judgment did not show that the petition for stock law election was signed by ten freeholders resident of the district, or that notice was posted in three public places in the district as required by Local Acts 1886-7, p. 739, the judgment of the Commissioners establishing a stock law district was fatally defective.

2. *Judgment; Amendment; Presumption.*—Where a judgment nunc pro tunc affirms that efficient matter to authorize it satisfactorily appeared to the court, it is presumptively founded on legal evidence.

3. *Same; Amendment Nunc Pro Tunc.*—Where the order for an amendment nuc pro tunc did not show even by a general recital that it was justified by the evidence, an attempt by the Commissioners Court at a subsequent term to amend the judgment nunc pro tunc rendered by it at a prior term. was wholly ineffective.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Petition by Thomas Holland and others for certiorari to review and quash a judgment or order of the Commissioners' Court of Henry County establishing a stock law district. From a judgment quashing the order, respondents appeal. Affirmed.

W. O. LONG, and W. L. LEE, for appellant. The amended returns to the writ showed all the jurisdictional facts, and the court erred in quashing the judgment of the Commissioners' Court.—*Lowndes County v. Hearn,* 59 Ala. 373; *Gray v. So. Ry.,* 116 Ala. 654, and cases cited.

[Commissioners Court of Henry County v. Holland, er al.]

J. L. POLLARD, and ESPEY & FARMER, for appellee. All jurisdictional facts must appear, as this is a court of limited and special jurisdiction.—*McKemie v. Comm. Ct.*, 52 South. 756.   The order was void for three reasons, failure to show that petitioners were freeholders and resided within the district, failure to show a requisite number, and a failure to show proper notices.— *Flowers v. Grant*, 129 Ala. 275; *Johnson's Case*, 145 Ala. 553; *Joiner v. Winston*, 68 Ala. 130.   The amendment fails to show that it was based on any evidence or records, and hence, was not sufficient.—*Browder v. Faulkner*, 82 Ala. 257.

SOMERVILLE, J.—The appeal is from a judgment rendered by the circuit court quashing a certain order and judgment of the commissioners' court of Henry county establishing a stock law district in beat 2 of that county, on a certiorari sued out by appellees.   The petition for certiorari and supersedeas, with the order of the circuit judge indorsed thereon, was filed on January 24, 1910, and on the same day the appropriate writs were issued by the clerk to the several members of the commissioners' court.   On February 4, 1910, the probate judge certified the proceedings in question to the circuit court.

The transcript shows that the original judgment of the commissioners' court was fatally defective, in that it did not show that the petition had been signed by 10 *freeholders, who resided in the district;* nor that the notice of the petition had been posted in three public places in the district.—Acts 1886-87, p. 739, §§ 2, 3; *Joiner v. Winston*, 68 Ala. 130; *Mayfield v. Court of County Com'rs*, 148 Ala. 548, 41 South. 932; *Commissioners' Court v. Hearne*, 59 Ala. 371.

On March 15, 1910, an order was entered in the circuit court modifying the restraining order in the writ of supersedeas so as "to allow defendants to amend the records of the commissioners' court as their rights may appear in law, so as to allow full return to writ in this cause;" and at the August term, 1910, on motion of the original petitioners, the commissioners' court made an order amending its original judgment, nunc pro tunc, and curing the deficiencies above noted in the original judgment. This amended judgment was in due form certified to the circuit court on August 16, 1910.

This was in all respects a compliance with the principles and practice prescribed by this court in *Commissioners' Court v. Hearne,* 59 Ala. 373, 376, where it was said: "It was competent for the commissioners' court, as it is for every court of record, to amend its records nunc pro tunc, if there be matter of record authorizing the amendment. And on a proper application, supported by proper proof, the circuit court would doubtless have modified the order for the stay of proceedings, that such amendment should be made, and would have authorized a further return to the certiorari, to embrace the amendment, if properly made."

On hearing the certiorari petition, the circuit court rendered a judgment quashing the proceedings and judgment of the commissioners' court. The propriety of this action obviously depends upon whether or not the judgment of the commissioners' court was properly amended nunc pro tunc; and there being no evidence on this subject before the circuit court, the sole question being on the sufficiency of the record, the conclusion must finally depend upon whether it was incumbent on the commissioners' court to show by the order amending the judgment that the amendment was allowed and made on sufficient record or quasi-record evidence.

[Commissioners Court of Henry County v. Holland, et al.]

"If a judgment nunc pro tunc affirms that sufficient matter to authorize it appeared to the satisfaction of the court, the presumption is, in the absence of a disclosure of the particular evidence, that the judgment is founded on legal evidence."—*Bryan v. Streeter*, 57 Ala. 104; *Leinkauff v. Tuscaloosa S. & A. Co.*, 105 Ala. 328, 16 South. 891.

We think the converse of this proposition is equally true. In amending their judgments nunc pro tunc at a subsequent term, courts are exercising a very special and limited statutory power. If the order of amendment does not show, at least by a general recital, that it is predicated upon *satisfactory or sufficient* evidence, it fails to show any authority to make the amendment, and the amendment is wholly invalid and ineffectual. In such a case no presumption can be indulged in favor of the order of amendment merely because it recites that it is made nunc pro tunc, and it can be regarded as no more than an attempt to render a new and different judgment without authority of law.—*Carney v. McDonald*, 10 Heisk. (Tenn.) 232.

The order in question recites that it was made "with purpose in view of having same (i. e., the judgment) in every respect to conform with the statute"—in other words, to supply essential jurisdictional findings not pronounced originally—and contains no hint of any evidence to justify its action. The circuit court was therefore justified in disregarding the amended judgment, and its order quashing the proceedings and judgment of the commissioners' court was free from error.

Affirmed. All the Justices concur, except McCLELLAN and MAYFIELD, JJ., not sitting.