(75 South. 897)

ENSIGN YELLOW PINE CO. v. HOHENBERG. (5 Div. 603.)

(Supreme Court of Alabama. April 19, 1917. Rehearing Denied June 21, 1917.)

1. EMINENT DOMAIN ☞194—PROCEEDINGS—PLEADING—AMENDMENT.

The application of a lumber company to the probate court to condemn a right of way for its railroad was subject to proper amendment in the circuit court.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 523.]

2. EMINENT DOMAIN ☞58 — CONDEMNATION OF EASEMENT FOR TERM OF YEARS—STATUTE.

There is no statutory authority for a proceeding by a lumber company to condemn, for a term of years only, a right of way for its railroad over lands of another; Code 1907, § 3860, authorizing an application to take lands, or to acquire an interest or easement therein.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 147–160.]

3. EMINENT DOMAIN ☞8 — STATUTES — CONSTRUCTION.

Statutes delegating the power of eminent domain must be strictly construed in favor of the owner of the property sought to be condemned.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 25, 30, 34, 43, 44.]

4. EMINENT DOMAIN ☞126(1) — COMPENSATION—AWARD FOR ENTIRE VALUE.

Though condemnation of right of way over land of another, by Code 1907, § 3882, vests in the applicant the easement proposed to be acquired for the uses and purposes stated in the application, and for no others, thus leaving the fee in the owner, in the ordinary case of an application to condemn an easement, not limited to a term of years, the rule is to award the owner the value of the entire fee at time of taking.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 345–346.]

5. EMINENT DOMAIN ☞69—COMPENSATION.

Just compensation is a constitutional prerequisite to the condemnation of private property by individuals or corporations.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 171–179.]

6. TRIAL ☞76—OBJECTIONS TO TESTIMONY—WAIVER.

In a lumber company's proceeding to condemn a right of way for its railroad, objections to parts of defendant's testimony as to the value of his property were waived by failure to

interpose them to the questions which elicited the answers.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 172, 183–190, 237.]

7. EVIDENCE ⬿474(18)—OPINION—SUITABILITY OF PROPERTY FOR BUILDING—QUALIFICATION OF WITNESS.

A witness, who showed an acquaintance with the property in question and the general situation in the neighborhood, was properly allowed to testify to his opinion that the property was suitable for the building of dwelling houses.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2217.]

Appeal from Circuit Court, Elmore County; W. W. Pearson, Judge.

Application to condemn a right of way by the Ensign Yellow Pine Company against Morris Hohenberg. From a judgment for defendant, the applicant appeals. Affirmed.

Holley & Morrow and Smoot & Mullins, all of Wetumpka, for appellant. Frank W. Lull, of Wetumpka, and Hill, Hill, Whiting & Stern, of Montgomery, for appellee.

SAYRE, J. In its application to the probate court appellant sought to condemn simply a right of way for its railroad over the lands of appellee. When the case reached the circuit court appellant offered to amend its application, so as to show an easement for a limited term of 15 years as the interest to be condemned. The court, on appellee's objection, denied the amendment.

[1-5] The application was subject to proper amendment in the circuit court (Newton v. Ala. Mid. Rwy., 99 Ala. 468, 13 South. 259); but there is no authority for a proceeding to condemn an easement for a term of years. The statute (Code, § 3860) authorizes an application "to take lands, or to acquire an interest, or easement therein." Statutes delegating the power of eminent domain must be strictly construed in favor of the owner of the property it is sought to condemn. New & Old Decatur, etc., v. Karcher, 112 Ala. 676, 21 South. 825; 10 R. C. L., p. 196, § 168. The proceeding vests in the applicant "the easement proposed to be acquired for the uses and purposes stated in the application, and for no other uses or purposes" (Code, § 3882), thus leaving the fee in the owner. But in the ordinary case of an application to condemn an easement, not limited to a term of years, the rule is to award to the owner the value of the entire fee at the time of taking. Ala. Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 South. 833; Long Distance Tel. & Tel. Co. v. Schmidt, 157 Ala. 391, 47 South. 731. This rule has been adopted for the reason that in such cases the distinction between the easement and the fee, so far as it enters into a determination of the damages to be assessed, is of no practical value. There is no indication in the statute of a legislative intention that the owner's compensation for land taken may be reduced by the more or less problematical present value of the land to be returned after a term of years with the scars of its intervening use upon it. Such an appraisement would, in most cases, introduce an element of uncertainty into the ascertainment of that just compensation which is a constitutional prerequisite to the condemnation of private property by individuals or corporations. If the Legislature may authorize such mode of taking and valuing property, at least its will to that end should be clearly and distinctly expressed. Hibernia. R. R. Co. v. De Camp, 47 N. J. Law, 518, 4 Atl. 318, 54 Am. Rep. 197; Waterbury v. Platt, 75 Conn. 387, 53 Atl. 958, 60 L. R. A. 211, 96 Am. St. Rep. 229; Currier v. M. & C. R. R. Co., 11 Ohio St. 228.

[6] The defendant Hohenberg, testifying as a witness for himself, had a good deal to say about the value of his property. Without having objected to any question eliciting this testimony, plaintiff moved to exclude the whole of it, assigning no ground for its motion. It is entirely safe to say that not all of the witness' testimony was illegal, while, as for other possible objections to parts of it, they were waived by a failure to interpose them to the questions which drew out the answers.

[7] The witness Tate showed an acquaintance with the property in question and with the general situation in the neighborhood. It was not improper to allow him to give in evidence his opinion that the property was suitable for the building thereon of dwelling houses. 15 Cyc. 726.

It is not made clearly to appear by the bill of exceptions that the question asked of Gamble in reference to lot No. 43 was open to objection on account of any rule declared in Alabama Central R. R. Co. v. Musgrove, 169 Ala. 424, 53 South. 1009. Frequent reference is made in the bill to a map of defendant's tract of land over which plaintiff's right of way was to be acquired, and, evidently, this particular question referred to the map; but the map does not appear in the transcript. If plaintiff's right of way lay across this lot—and, for aught appearing, it did—the question which was addressed or understood to be addressed to the subject of its value, as the answer showed, was properly allowed. Construing the bill most strongly in favor of the appellee on this point, no error is shown.

Other assignments of error are of no particular interest and need not be considered separately. We find in them no reason for a reversal.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.