(100 South. 549)

**WHITEWATER LUMBER CO. v. PRATHER et al. (3 Div. 662.)**

(Supreme Court of Alabama. May 29, 1924.)

**1. Railroads ☜68—Grant held to limit width of right of way.**

A grant of a right of way to a purchaser of timber for railroads, tramroads, and dray roads *held* to limit the width of right of way in view of Code 1907, § 3485, to what might be necessary not exceeding 100 feet.

**2. Railroads ☜73(2)—Grantee of right of way liable to owner for damage outside right of way.**

Where purchaser of timber was granted a right of way through vendor's land for railroads and tramroads, it was liable for digging pits outside the necessary limits of such right of way.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Railroads ☞73(2)—Grantee of right of way liable for dirt removed and used upon land of another owner.**

A grant of a railroad right of way over plaintiff's land for a term of years, for purpose of removing timber, vested in grantees the necessarily implied right to so change the ground as to make way available for reasonable use only, and, if grantees removed dirt from plaintiffs' land and used it upon land of another, they would be liable for value of dirt so removed.

**4. Logs and logging ☞3(10)—Charge that grantee was not liable for destruction of small timber held properly refused.**

Defendant's requested charge that as a matter of law under a contract granting timber and a right of way over plaintiffs' land, and the evidence it was not accountable for destruction of young timber was properly refused, where defendant's right under contract was "to cut and use for cross-ties for railroads and dray roads any small timber under 8 inches in diameter."

Appeal from Circuit Court, Autauga County; B. K. McMorris, Judge.

Action for damages by R. M. Prather and others against the Whitewater Lumber Company, for trespass to land. Judgment for plaintiffs, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

These requested charges were refused to defendant:

"5. I charge you that defendant had the lawful right to remove from plaintiffs' land to other portions of its road and use in connection with the grading or construction of said road any dirt removed from a reasonable distance from the line of defendant's railroad."

"7. I charge you that under the evidence in this case you cannot find any damage against defendant for destruction of the young timber on the lands involved in this suit."

"9. The defendant in this case had a right to remove dirt from the lands of plaintiffs for a reasonable distance on each side of the line of its railroad and move same to any other portion of its line for use. In grading or construction, and for all dirt so removed, you cannot assess any damages against defendant."

Rushton, Crenshaw & Rushton, of Montgomery, and Gipson & Booth, of Prattville, for appellant.

No width of right of way being specified in the contract, it will be construed as conveying not exceeding 100 feet. Code 1907, § 3485; Ala. Midland v. Brown, 98 Ala. 647, 13 South. 70. Defendant had the same rights as to use of material upon the land as in the case of condemnation. So. Ry. v. Clarke, 203 Ala. 248, 82 South. 516; Davis v. M. & C. Co., 87 Ala. 633, 6 South. 140.

Ballard & Jones and J. M. Tucker, all of Prattville, for appellees.

Defendant had no right to go outside of a reasonable width and dig pits, etc. 15 Cyc. 604; 23 Cyc. 162; Lovelace v. M. & E., 174 Ala. 160, 56 South. 711; N., C. & St. L. v. Karthaus, 150 Ala. 633, 43 South. 791. Defendant had no title to the property, only an easement for six years. 33 Cyc. 169.

SAYRE, J. Plaintiffs (appellees) sued defendant Lumber Company in trespass q. c. f., claiming damages "for cutting the timber and excavating and removing the dirt from said lands and the destruction of the young timber on said lands." The plea was the general issue.

[1, 2] Plaintiffs had executed to defendant a "timber deed" whereby they conveyed "all the white oak, pine, poplar and gum timber 8 or more inches upon the land" described in the complaint, "together with all right of way for its railroads, tramroads, dray roads * * * for the full term of six years. * * * Also the right to cut and use for cross-ties and railroad and dray roads any small timber, pines and poplar and gum under 8 inches in diameter." It will be noted that the deed does not specify in any particular the right of way granted, but describes it simply as a right of way for railroads, tramroads, and drayroads. In Alabama Midland v. Brown, 98 Ala. 648, 13 South. 70, a similar grant was construed with reference to the statute—section 1580 of the Code of 1886, subd. 8, substantially in the respect now in point reproduced in section 3485 of the present Code—and held to limit the width of the right of way to what may be necessary, not exceeding 100 feet, and so the trial court construed the grant in this case. Plaintiffs' evidence went to show that defendant in constructing its roadbed through plaintiffs' land dug borrow pits outside of the limit of its necessary right of way—even outside of the maximum limit of 100 feet. As to this there was conflict, but we are unable to say that the jury erred in finding with plaintiffs. For the damage so done to plaintiffs' land, not within the limit of defendant's necessary right of way, defendant was answerable, and so the court correctly instructed the jury.

[3] There was evidence to the effect that some of the dirt taken from plaintiffs' land was used in constructing a fill for the railroad on the land of an adjoining owner. The bill of exceptions leaves it uncertain whether the dirt so used was taken from within or without defendant's right of way as we have construed the grant. Having this state of the evidence in mind, presumably, and the fact that upon plaintiffs, if they would recover more than nominal damages on that account, rested the burden of showing to what extent their land had been damaged, defendant excepted to that part of the court's oral charge wherein the court told the jury, in substance,

that, if defendant removed dirt from the land of plaintiffs and used it upon the land of another owner, defendant would be liable for the dirt so removed—meaning, as we apprehend, the value of the dirt so removed. Appellant seeks to apply the rule declared in Southern Railway v. Clarke, 203 Ala. 248, 82 South. 516, overlooking, as it seems, the fact that there was in this case no condemnation under the statute having the effect substantially of vesting the entire property covered by the condemnation in the condemnor. Alabama Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 South. 833, Ann. Cas. 1917C, 878. The contention also fails to take proper account of the further fact that by its contract with the owner defendant acquired a right of way for a short term of years only. This last circumstance would have made no difference if the right of way had been condemned, because there is no authority for condemning for a term of years. Ensign Yellow Pine Co. v. Hohenberg, 200 Ala. 149, 75 South. 897. But defendant's right rested upon the contract, which, for an agreed compensation, vested in defendant a right of way with the necessarily implied right to so change the surface of the ground as to make the way available for reasonable use—nothing more. On the hypothesis stated by the court, and supported by the evidence, defendant was answerable as the court declared. By like token the court properly refused charges 5 and 9 requested by defendant.

Defendant quotes certain language from the opinion in Davis v. Memphis & Charleston, 87 Ala. 637, 6 South. 140, as going to prove that—

"His grant should be regarded as intended to have, and as having, the same legal effect and operation as condemnation under ad quod damnum proceedings."

That was an action of ejectment, and the sole question involved was whether under the deed in that case the railroad company took title for more than 50 years. We will not restate all the facts of that case, but consideration of them as stated in the opinion leaves it clear, we think, that the court intended nothing more than that the title of the defendant there was coextensive with its corporate existence, was a fee that' might endure forever. Certainly the court had not in mind the question here presented, nor did it intend to hold that, because the railroad company had the right to condemn the right of way, the landowner might not, in the absence of condemnation, contract on their own terms. In the case before us the defendant, a manufacturing company as its name indicates, bargained for a right of way for the purpose of cutting and removing timber for a term of 6 years. We cannot agree that thereby it acquired the right to excavate its right

of way to any greater extent than was necessary for the construction of its roads across plaintiffs' land. The consideration upon which the court in Southern Railway v. Clarke, supra, held the condemning railroad company might use any materials found upon its right of way for the construction and maintenance of its roadway at any point on its line, viz. that by condemnation it had, for the purpose of fixing compensation to the owner, acquired a fee; that consideration is absent from this case and can have no effect upon the claim in litigation between the parties.

[4] The court refused charge 7 requested by defendant. This charge sought to instruct the jury, as matter of law under the contract and the evidence, that defendant was not accountable for the destruction of the young timber on the lands involved in this suit—meaning, as the charge must be construed, the land described in the complaint. Plaintiffs' evidence very clearly tended to support their claim that defendant had cut trees, big and little, all over the land described in the grant—trees not included in the grant, that is, trees other than white oak, pine, poplar, or gum, and that small trees of all kinds were destroyed without being used for constructing railroad or drayroad, that is, by the use of skidders in moving the big timber—for which, it may be (though the question is not necessarily raised) that defendant was liable. Jasper Land Co. v. Manchester Mills, 209 Ala. 448, 96 South. 417. These tendencies of the evidence—certainly that first mentioned—required the court to refuse this charge which would seem to assert defendant's right under its grant to cut or destroy all young timber, whereas its right was "to cut and use for cross-ties and railroad and drayroads any small timber under 8 inches in diameter."

The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.