(103 So. 567)

## LATHROP LUMBER CO. v. PIONEER LUMBER CO. (6 Div. 184.)

(Supreme Court of Alabama. March 26, 1925.)

Eminent domain ⬤⇒261—Amendment changing entire cause of action properly denied.

Though application of lumber company to condemn right of way for railroad was subject to proper amendment in circuit court on appeal, an amendment, whereby petitioner sought to condemn a new right of way through a tract of land entirely different from that described in original petition, was properly denied.

Appeal from Circuit Court, Pickens County; John McKinley, Judge.

Petition by the Lathrop Lumber Company for condemnation of lands of the Pioneer Lumber Company. Following an adverse ruling on pleading, petitioner takes a nonsuit and appeals. Affirmed.

M. B. Curry, of Carrollton, for appellant.

Petitioner should have been permitted to amend. Newton v. Ala. Midland R. Co., 99 Ala. 468, 13 So. 259; Ex parte North, 49 Ala. 385; Dothard v. Teague, 40 Ala. 583.

Patton & Patton, of Carrollton, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. This was a proceeding by appellant to condemn a right of way across appellee's land for a railroad to be constructed from appellant's sawmill to its timber lands. The petition for condemnation sought to condemn a right of way for 10 years. This court held in Ensign Yellow

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Pine Co. v. Hohenberg, 200 Ala. 149, 75 So. 897, that there was no statutory authority for a proceeding to condemn for a term of years only; but no question as to that was raised in this case, nor need any be raised now, for we suppose that, if the petitioner had a mind to pay the value of the fee for an easement for a term of years, the landowner would have no just grounds of complaint.

As we read the record, petitioner, appellant, after the removal of the cause to the circuit court by appeal, took a nonsuit with a bill of exceptions to review the action of the court, by which, after demurrer to the complaint (petition for condemnation) had been sustained, petitioner was denied the right to amend, for the reason, as we understand, that by the amendment petitioner sought to condemn a new right of way through a tract of land entirely different from that described in the original petition. The application or petition was subject to proper amendment in the circuit court. Newton v. Ala. Mid. Ry., 99 Ala. 468, 13 So. 259; Ensign Yellow Pine Co. v. Hohenberg, supra. But, in a proceeding of this character, no more than in any other suit or proceeding, can there be an entire change of the cause of action, and our judgment is that the proposed amendment was obnoxious to the objection taken against it. It results that the ruling brought into review by the nonsuit was free from error.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.