61 So.2d 112

**LIPSCOMB et al. v. BESSEMER BOARD OF EDUCATION.**

**6 Div. 310.**

Supreme Court of Alabama.
Oct. 23, 1952.

48

Edw. L. Ball, Bessemer, for appellee.

Geo. H. Bumgardner, H. P. Lipscomb, Jr., and L. Herbert Etheridge, all of Besse-mer, for appellants.

GOODWYN, Justice.

This is a condemnation proceeding by the Bessemer Board of Education to acquire lots 1 through 8, inclusive, of Block 125, according to the present plan and survey of the City of Bessemer. The original application was filed in the Probate Court of Jefferson County, where the proceedings were conducted under the provisions of Code 1940, Tit. 19, Chapter 1. The Board of Education, the condemnor, appealed to the circuit court, where a jury awarded compensation to appellants, the landowners, and the court, pursuant to such award, entered its judgment. The contents of the judgment, and its amendment nunc pro tunc, are as we shall see, the predicate for several of the assignments of error. It is from that judgment that the landowners took this appeal. After the appeal was taken, but before submission to the Supreme Court, the appellee Board of Education filed its motion in the circuit court to amend the judgment nunc pro tunc. This motion was granted, and the amended judgment is now a part of the record on appeal.

The original application, as filed in the probate court, contained these averments: "that your petitioner has adopted a resolution declaring that the acquisition of the property hereinafter described is in the public interest and necessary for the public use, a copy of which resolution is attached hereto and made a part hereof the same as if it were herein fully set forth"; "and petitioner avers that said property is to be used for the site of a new school building or for a school playground, or for other public purpose of [or] public school purpose". The resolution, attached as an exhibit, and made a part of the application, provided that this property was "to be condemned for public use and public purposes, to wit, for use as a site for new school house or other public purpose".

On appeal to the circuit court the defendants refiled their motion to dismiss the application. This motion was overruled. They then refiled demurrers to the application, which were sustained Thereupon the Board of Education amended its application by deleting therefrom any reference to the resolution, and by averring that acquisition of the property "is in the public school interest and is necessary for public school use, viz.: for the site of a school house and school yard and playground adjacent thereto," and that "it is necessary to acquire said property for the purpose of locating and conducting thereon an elementary-junior high school, an addition to the public school system facilities of the City of Bessemer, Alabama, together with the necessary school lots and school playgrounds necessary for the operation of the said elementary-junior high school, and for no other purpose".

The defendants then filed, seriatim, a motion to dismiss the amended application and demurrers and an answer to it.

The burden of all of the defendants' pleadings is concisely stated in their brief, as follows:

[The Board of Education] "persisted in attempting to condemn defendants' property for other public purposes, other than public school purposes, and that they had no such authority, * *. All the authority vested in said Board to condemn property being contained in section 168, of Title 52, 1940 Code of Alabama; and if by amendment they changed their proceedings so as to only seek condemnation for public school purposes, then this was certainly a departure made after having run the gauntlet in the Probate Court, and started proceedings with the same view and purpose in the Circuit Court, and demurrers should have been sustained to said amendment."

Section 168, Tit. 52, Code 1940, is as follows:

"When lands or any interest therein shall be by the board of education deemed necessary for the site of a schoolhouse or for enlarging a schoolhouse lot, or for playgrounds or other public school purposes, and the board of education for any reason shall be unable to contract with the owner or owners for the title thereof the said board of education may institute condemnation proceedings to acquire such lands or the interest therein. Said condemnation proceedings shall be in all respects conducted and regulated as provided by chapter 1 of title 19."

■ Before proceeding further, it might be well to note several procedural rules peculiarly applicable here. In the first place, the trial in the circuit court is de novo. Code 1940, Tit. 19, sect. 17; Alabama Power Co. v. Thompson, 250 Ala. 7, 12, 32 So.2d 795, 9 A.L.R.2d 974; Housing Authority of Phenix City v. Stillwell, 241 Ala. 420, 423, 3 So.2d 55; City of Birmingham v. Brown, 241 Ala. 203, 2 So.2d 305. Section 17, supra, provides that, "on such appeal, the trial shall be de novo". Mr. Justice Bouldin, in the opinion in the Stillwell case, supra [241 Ala. 420, 3 So.2d 58], wrote: "This means what it says."

"A trial de novo means a new trial 'as if no trial had ever been had, and just as if it had originated in the circuit court.'" Thompson v. City of Birmingham, 217 Ala. 491, 492, 117 So. 406, 407; Louisville & Nashville R. R. Co. v. Lancaster, 121 Ala. 471, 473, 25 So. 733. The case stands in the circuit court "on the process and pleadings, without judicial action upon them, precisely as it would have stood at that stage of the proceedings, if the case had been instituted in that court in the first instance." Lehman, Durr & Co. v. Hudmon Bros., 79 Ala. 532, 534. The trial is had in the circuit court "so far as regards the issues that can arise between the parties, just as a new trial would be had in the latter court when a previous verdict and judgment in a case originating in that court had been set aside by the court itself on motion for a new trial, or where such judgment had, on appeal, been reversed by a higher court and the case sent back for another trial to the court in which it originated." Slaughter v. Martin, 9 Ala.App. 285, 289, 63 So. 689, 690.

■ An application for condemnation, originally filed in the probate court, is subject to proper amendment on appeal in the circuit court. Ensign Yellow Pine Co. v. Hohenberg, 200 Ala. 149, 150, 75 So. 897; Lathrop Lumber Co. v. Pioneer Lumber Co., 212 Ala. 548, 549, 103 So. 567; Newton v. Alabama Midland Rwy. Co., 99 Ala. 468, 470, 13 So. 259.

Sections 238 and 239, Tit. 7, Code 1940, in pertinent part, are as follows:

"§ 238. Either before or after judgment on demurrer, the court must permit an amendment of the pleadings; * * *".

"§ 239. The court must, whilst the cause is in progress, * * * permit the amendment of the complaint by striking out or adding * * * new counts or statements of the cause of action, which could have been included in the original complaint or plea, and such amendment shall relate back to the commencement of the suit, and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transac-

tion, property and title and parties as the original * * *."

In the Newton case, supra, this court said:

"Under our liberal system of amendments the circuit court had authority to permit the amendment of the petition. It embraced the same land as that sought to be condemned by the original petition, and 20 feet in width in addition. The parties were before the court when the amendment was allowed, and the cause was tried on it."

The reason for and extent of the right of amendment is stated in Birmingham Gas Co. v. Sanford, 226 Ala. 129, 134, 145 So. 485, 488, to be as follows:

"Our own court, in the earliest history of our amendment statutes, both at law and in equity took the position that these statutes were intended to accomplish just and salutary purposes, to discourage technical objections, and to secure a trial on the merits of each controversy; and to that end, we have uniformly held that our amendment statute should be liberally construed. The only limitations upon the right of amendment is that there must not be an entire change of either parties plaintiff or defendant, nor an entire new cause of action added. Steed v. McIntyre, 68 Ala. 407; Code, § 9513 (Code 1923) [Code 1940, Tit. 7, sect. 239]."

To the same effect are the later cases of Spurling v. Fillingim, 244 Ala. 172, 175, 12 So.2d 740, and Van Landingham v. Alabama Great Southern R. Co., 243 Ala. 31, 8 So.2d 266.

In view of the foregoing, it seems sufficiently clear that the action of the circuit court in overruling the defendants' objections to allowance of the amendment to the application was without error. In this connection, we observe that defendants do not contend that the amendment wrought any change in the parties or the land sought to be condemned. Their insistence is that a change was made in the proposed use of the land; that, while the application, before amendment, sought condemnation of the land "for use as a site for new school house or other public purpose", the amended application sought it "for public school use"; that this was, in effect, an abandonment of the case first made by the application, thereby resulting in an unlawful departure. This contention is without merit. The statute, Code 1940, Tit. 52, sect. 168, set out above, authorizes a board of education to condemn lands "for the site of a schoolhouse or for enlarging a schoolhouse lot, or for playgrounds or other public school purposes". It is obvious that the application, both before and after its amendment, sought the property for a use authorized by the statute. The amendment did nothing more than conform the application to the requirements of the statute. No new cause of action was added. The only change was to delete that part which called for a use not within the statute. The defendants' demurrer, pointing out this defect, was sustained. The amendment simply cured that defect.

So long as the amendment refers "to the same transaction, property and title and parties as the original," "such amendment shall relate back to the commencement of the suit". Code 1940, Tit. 7, sect. 239; Lovett v. Funderburk, 224 Ala. 634, 636, 141 So. 557. The effect is to substitute the amended complaint for the complaint as originally filed, the same as though the original complaint had never been filed in the suit. The original complaint is superseded by the amended complaint. This means, then, that we have for consideration here the sufficiency of the amended application only. It is as if the original application, with the resolution of the Board of Education attached, had never been a part of the pleading.

The amended application contains all of the averments required by the statute, Code 1940, Tit. 19, sect. 3, and we think it is sufficient. The defendants' motion to dismiss, and demurrers to, the amended application were properly overruled. As stated by this court in the case of Rountree Farm Co. v. Morgan County, 249 Ala. 472, 474, 31 So.2d 346, 348:

"Section 3, Title 19, Code of 1940, prescribes the allegations necessary to

a petition for condemnation. We have held that a petition which complies with the statute is sufficient. Stout v. Limestone County, 211 Ala. 227 100 So. 352. And it was expressly held in Dean v. County Board of Education, 210 Ala. 256, 97 So. 741, that it was not necessary to allege that the condemning authority has ordered the condemnation. The allegations here complained of are surplusage, and do not render the petition defective, insufficient or demurrable under section 3, Title 19, supra."

■ The only other point for decision relates to the propriety of the nunc pro tunc amendment of the final judgment. This question is embraced in assignments of error 4 through 10, inclusive.

We have before us an incomplete record, and we cannot speculate as to any proceedings not included therein. Our decision necessarily must be based on this incomplete record showing, as it presumably does, all of the matters considered by the litigants to be needed for a proper decision here. The judgment of the trial court, in granting the motion to amend the final judgment nunc pro tunc, contains the following:

"On this the 7 day of March, 1952, after notice to the parties in said cause, the motion to amend the judgment and entry thereof was by the court heard and considered, and it appearing from the record and from the evidence of quasi record that the Court upon the trial of said cause made the order of condemnation based upon the evidence adduced at the trial; and it appearing further from the record that the cause was submitted to the jury for the assessment of damages only; and it appearing further from the record that the jury returned a verdict awarding damages to the defendant, the Court is of the opinion that the motion to amend the judgment and entry thereof, nunc pro tunc, is well taken and that the motion should be granted. It is therefore considered and adjudged by the Court that the motion be, and the same is hereby granted."

This recital is then followed by the amended judgment.

It is to be noted that the trial judge based his decision on what appeared "from the record and from the evidence of quasi record." While it is true that the record before us fails to show any minute entry or other matter of record that an order of condemnation was in fact made, we are not prepared to say, and cannot say, contrary to the finding by the trial court, that there is not some other record or quasi record, not included in the record before us, showing that such order of condemnation was made. Without the benefit of a complete record of the proceedings, we must presume that the trial court, in ordering the amendment nunc pro tunc, did so on the basis of some record or quasi record which was before him and not now before us. For instance, we know that the record before us contains no part of the proceedings incident to submission to the jury of the question of compensation, nor any part of the hearing on the motion to amend nunc pro tunc. In these circumstances we must presume that the trial court had before him evidence "from the record and from the evidence of quasi record" authorizing the nunc pro tunc amendment of the judgment. Commissioners Court of Henry County v. Holland, 177 Ala. 60, 63, 58 So. 270; Leinkauff & Strauss v. Tuskaloosa Sale & Advancing Co., 105 Ala. 328, 335, 16 So. 891; Bryan v. Streeter & Smithers, 57 Ala. 104; Whitten v. Graves, 40 Ala. 578, 582, 583; Price & Simpson v. Gillespie, 28 Ala. 279, 281.

■ As stated in the Holland case, supra [177 Ala. 60, 58 So. 271]:

" 'If a judgment nunc pro tunc affirms that sufficient matter to authorize it appeared to the satisfaction of the court, the presumption is, in the absence of a disclosure of the particular evidence, that the judgment is founded on legal evidence.' Bryan v. Streeter, 57 Ala. 104; Leinkauff v. Tuscaloosa S. & A. Co., 105 Ala. 328, 16 So. 891."

The following is from the Whitten case, supra:

"A motion was made to enter a decree nunc pro tunc * * *. The bill of exceptions shows that the decree was ordered to be entered, and the order is

set out, which recites that it appeared 'to the satisfaction of the court, from the records of this court, and from papers on file relating to the statement', etc. The bill of exceptions does not show what were the contents of the records, or papers on file; and we must intend, in the absence of their contents, that the court was authorized therefrom to make the order."

And from the Gillespie case, supra, we quote the following:

"A recital in a judgment nunc pro tunc, that sufficient matter to authorize it to be entered was disclosed to the court 'by sufficient, competent and satisfactory evidence,' will sustain it, if the parties appeared upon the motion to perfect the judgment, and do not show by bill of exceptions, or in some other appropriate manner, that such recital is untrue."

The judgment is due to be affirmed, and it is so ordered.

Affirmed.

All the Justices concur.