## WILLARD FREEMAN & Co. v. WOMACK.

1. Where a writ of *fieri facias* was placed in the sheriff's hands, on which with
due diligence he could have made the money, after its return the defendant in
execution paid the plaintiff the amount of the judgment, except costs, and a few.
days after such payment, made a suggestion under the statute of the sheriff's
failure to collect the amount of the execution—*Held*, that as the principal and
interest were paid before the suggestion was made, the plaintiff was not entitled
to a judgment against the sheriff for the damages allowed by law for the want of
diligence.

THIS was a suggestion in the county Court of Sumter, against
the sheriff of that County, alledging that, with due diligence,
the amount of an execution issued from that Court and re-
turned by him unsatisfied, could have been made.

The cause was submitted to the Court on facts agreed by
the parties. From the case agreed, it appears that on the 7th

NOTE.—This case was decided at the June term, 1841, but, being mislaid, was
not published in its proper place.

of March 1840, a writ of *fieri facias* for the sum of seventeen hundred and sixteen dollars and forty cents, besides costs, was issued from the County Court of Sumter, and placed in the hands of the defendant, as sheriff—that the *fi. fa.* was at the suit of the plaintiffs against Edward B. Colgin and Washingington Dunn, and returnable on the second Monday in July next after its issuance. It was admitted that the sheriff, by the return term of the execution could, with due diligence, have made the money thereon, and that he had entirely failed to do so.

It was further admitted, that Edward B. Colgin, on the 10th February, 1841, paid the amount of the judgment on which the execution issued, with interest thereon, (but not the costs of suit,) to the plaintiffs in Mobile, who gave a receipt to the successor of the defendant, the present sheriff of Sumter ; and that the suggestion in this cause was made on the 12th February, 1841.

On these facts the County Court rendered a judgment in favor of the defendant; to revise which the plaintiffs have sued a writ of error to this Court.

Boyd, for the plaintiff.
Hair, for the defendant.

COLLIER, C. J.—The only question raised on the assignment of error is this, are the plaintiffs, on proving the allegations of their suggestion, entitled to recover damages on the execution, the execution itself having been satisfied, (with the exception of the costs,) previous to the time when the suggestion was made? The solution of this question must depend upon the construction of the third section of the act of 1826, "the better to secure money in the hands of Clerks, Sheriffs and Coroners." That section is in these words : "Whenever any sheriff or coroner to whom an execution shall have been delivered, shall fail to make the money on or before the first day of the term of the Court, to which said execution shall be returnable, and the plaintiff or plaintiffs, his, her or their attorney, shall suggest to the Court that the money could have been made by said sheriff or coroner, with due diligence, it shall be the duty of the Court, forthwith to cause an issue to

be made up to try the fact; and if it shall be found by the jury that the money could have been made by the sheriff, or coroner, with due diligence, judgment shall be rendered against said sheriff, or coroner, and his securities, or any, or either of them, for the sum of money specified in said execution, together with *ten per centum* on the amount of said execution as damages, and also the costs of the suit." [Aik. Dig. 175.]

The right to recover damages under this act, is certainly not the principal matter provided for, but it is the recovery of the amount of the execution which, for want of due diligence, the officer in whose hands it was placed has failed to collect. The damages are merely accessorial, and depend upon the right of the plaintiff to make the suggestion to the Court. The fact to be suggested to the Court, and the gravamen of the complaint is, that in consequence of the sheriff's neglect, the amount of an execution has not been made. Now it was conceded in argument, that the receipt of the money after the sheriff's default, and before the suggestion made, would prevent a judgment for the sum expressed in the execution; and we think this is clearly true.

If then the principal matter has been entirely satisfied, is it permissible to prosecute this proceeding, merely to recover that, which is incidental to, and dependent upon it? We think not. And this conclusion, apart from the general reasoning which sustains it, seems to us to acquire increased strength from the latter part of the section cited. The judgment there directed to be rendered is "for the sum specified in said execution, together with *ten per centum* on the amount," &c. In the case at bar, the statute judgment could not have been rendered at the time the suggestion was made, because the execution was previously satisfied, excepting the costs, and we think this, at least, a persuasive argument against the plaintiff's right to recover.

The failure of the defendants in execution to pay the costs before the suggestion was made, cannot place the plaintiffs in a more favorable position; for the costs are due to the officers of the Court, and the *ten per centum* damages are never calculated upon them. In fact the plaintiffs did not insist upon a judgment for the costs of the execution.

If the suggestion had been made before the money was paid

to the plaintiffs, we will not say that they could not have recovered the damages. But as the case is presented to us, we are satisfied that the County Court did not err, and its judgment is consequently affirmed.

GOLDTHWAITE, J.—I dissent from the foregoing opinion. I am impressed very strongly with the belief that the sheriff, in this case, is liable under the statute, and that after a default by him, the plaintiff is as much entitled to the damages as he is to the debt, and that the sheriff can only be discharged by a release, or by not pursuing the remedy within the time allowed by law.