## GARY v. BOYKIN.

1. Where the plaintiff excuses the sheriff from his duty to return an execution, he cannot afterwards maintain a motion under the statute for the omission.
2. Where the principal sum of an execution has been accepted by the plaintiff from the sheriff, neither the plaintiff nor any officer of Court in his name, can maintain a motion, under the statute, against the sheriff and his sureties, for the costs.

Writ of error to the County Court of Sumter.

Motion against Gary, as sheriff of Sumter, for having failed to return an execution at the suit of Boykin. The defendant pleaded:

1. That before the return day of the execution the sheriff paid to the plaintiff the damages and interest mentioned therein; and he then excused the sheriff from returning it.

2. A similar plea, with the further averment, that the money so paid was accepted in full satisfaction, and that the plaintiff had not been aggrieved or injured by the failure of the

sheriff to return the said execution. Demurrers were. sustained to both these pleas, and at the trial, upon an issue to the country on another plea, it was offered to be shown that the proceeding, though in the name of the plaintiff in execution, was in fact instituted for the use and prosecuted for the benefit of Price Williams, the clerk of the said Court, as a means of securing his fees in the case; and a receipt from him to the sheriff for 200 dollars as fees paid, but not expressing what cases the sum was to be applied to, was also offered. The evidence was rejected and the defendant excepted.

There is now assigned as error, 1. The overruling of the pleas. 2. The exclusion of the evidence.

BLISS and REAVIS, for the plaintiff in error made the following points:

1. That it is a sufficient excuse for the omission to return an execution, that the plaintiff has been paid the money. [4 Ala. Rep. 539.]

2. A rule cannot be maintained, whether the money is made or otherwise, if the plaintiff excuses the return. [5 Ala. Rep. 65.]

3. The clerk has no right to use the plaintiff's name to recover his costs. [Clay's Digest, 205, § 21, 22.]

4. That if the clerk had such a right, the evidence rejected was proper to go to the jury.

R. H. SMITH, contra, argued that the plaintiff being responsible, in the event of a return of no property to pay the costs, he is entitled to his motion, although the principal is paid; and the clerk has the right to use his name to collect the costs coming to himself.

GOLDTHWAITE, J.—1. So far as the questions raised in this case are connected with the pleas, we think they are concluded by the case of McClure v. Colclough, 5 Ala. Rep. 65, when we held, that if the plaintiff's attorney, or an agent properly authorized, induces the sheriff by any advice or direction, to delay the return of an execution, this would constitute a defence to a rule against the sheriff and his sureties. We also said in that case that the plaintiff had an undoubted right to control his own process, and relieve the sheriff from

the necessity of returning it when not executed. Here, the pleas are, that the plaintiff excused the sheriff from making any return of the execution upon which this motion is founded.

2. We think also that the other questions are covered by the decision in Freeman v. Womack, 4 Ala. Rep. 541, where a majority of the Court held, that a motion against the sheriff, upon a suggestion that the money could have been made by the use of due diligence, could not be maintained after the acceptance of the principal sum by the plaintiff. For such neglect the statute gives ten per cent. damages; neither these nor the costs were paid by the sheriff; but the Court considered the right to the damages as not being the principal matter provided for by the act; and therefore they could not be recovered after the principal had been paid. In relation to the costs, it was said, the plaintiff was not in a more favorable position, as they were due to the officers of Court.

Independent of this decision we think the several statutes, authorizing rules of a summary nature against the sheriff are all intended to provide for the security of suitors, and that they do not apply to officers who seek to recover costs only. In most cases the costs are distributable to many different persons, and probably it would not be tolerated, that separate motions should be maintained by them, even if they were clearly provided for by the terms of the act; but however this may be, we are well satisfied that they have no authority to use the plaintiff's name, either severally or collectively for this purpose.

It is manifest according to these views that the Court erred. Its judgment is therefore reversed, and, if desired, the cause will be remanded.