# Thompson *v.* Acree.

*Motion for Summary Judgments against Sheriff.*

1. *Summary judgment against sheriff; when no provision for.*—The statute does not confer on justices of the peace, or on the circuit court, jurisdiction to render summary judgments against sheriffs, for any negligence or misfeasance on their part in levying process issued by, and returnable before justices of the peace.

APPEAL from Covington Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was a motion for a summary judgment against James A. Thompson, the sheriff of said county, and the sureties on his official bond, the appellants, and was commenced by the appellee before a justice of the peace, before whom he obtained a judgment. The cause was then taken by appeal to the Circuit Court, where it was tried *de novo*, the trial resulting in a verdict and judgment for the appellee. The appellants demurred to the motion, but their demurrer was overruled by the court. The other facts are stated in the opinion. The overruling appellants' demurrer is here assigned as error.

W. D. ROBERTS, for appellants. (No brief came to the hands of the reporter.)

GAMBLE & PADGETT, *contra.*—(1). The act of February 26, 1875 (Pamph. Acts 1874-5, p. 181), authorizing sheriffs as such to execute all mesne and final process required by law to be executed by constables, did not make them constables while executing such process, and thereby relieve them from accounting as sheriff. The act merely imposed additional duties on them *as sheriffs*. (2). The law which makes him liable as sheriff to a summary judgment, is the same for failing to execute process issued from a magistrate's court, as for failing to execute process issued from the circuit court.

SOMERVILLE, J.—This is a motion for a summary judgment against the sheriff of Covington county, and the sureties on his official bond, for the negligent failure to execute a writ of attachment.

The attachment issued from a justice's court, and was levied by the sheriff upon certain personal property of the defendant

[Thompson v. Acree.]

in attachment, one Holley. This was done under the provisions of section 731 of the present Code, which authorizes sheriffs to execute all mesne and final process which can be executed by constables.

The main question presented is, whether the justice's court had jurisdiction of the motion.

The statute evidently provides for obtaining summary judgments, not exceeding one hundred dollars, before justices of the peace, against *constables* and against *justices* for certain specified failures of official duty.—Code of 1876, §§ 3663–3675. So the provisions are ample for obtaining such judgments, for any sums over fifty dollars, in the *circuit courts* against sheriffs. Code, §§ 3356–3366.

A careful inspection of the general rules, in reference to motions of this character against *sheriffs*, as comprised in the Code (§§ 3351–3355) will show, we think, a legislative intention to confine such remedies, so far as sheriffs are concerned, exclusively to the circuit courts. Section 3355 prescribes that such a "motion must be made in the circuit court of the county in which such officer [the sheriff] was acting officially at the time of the default, or in the court to which the process was returnable, when the default consists in the failure to execute, or return process, or to pay over money collected thereon. In all other cases not specially provided for, the motion must be made in the circuit court of the county in which the person moved against resides; if he has no permanent residence, then in any county where he may be found." Construed alone this section might not be entirely clear or free from doubt, but taken in connection with the preceding sections, and especially section 3351, it can have reference to none other than circuit courts.

There is no court which has jurisdiction of *summary motions* against a sheriff for negligencies or misfeasances, relating to his levy of process from justices' courts. Sheriffs had no authority to execute such process until the act approved February 26th, 1875 (Session Acts 1874–75, p. 181). Before this date it is clear that circuit courts had no jurisdiction of motions of this nature, and none is conferred by the act in question.

The court below erred in not sustaining the demurrer, and its judgment is reversed, and the cause is hereby dismissed in this court at the cost of the appellee: