# Hood *v.* Blair.

### *Motion for Summary Judgment against Sheriff.*

1. *Summary judgment against sheriff; in what court made.*—A motion for a summary judgment against a sheriff and his sureties, for his failure to make the money on an execution issued by a justice of the peace, must be made in the Circuit Court, when the amount of the judgment, with interest and costs, exceeds $100; and if less than that sum, in the justice's court.—Code, §§ 3325, 3333.

2. *Same; joinder of causes of action; amendment.*—In a motion for a summary judgment against a sheriff and his sureties, for his failure to make the money on two executions issued by a justice of the peace,

[Hood v. Blair.]

one of which was for less than $100, there is an improper joinder of two separate and district causes of action, one of which is not within the jurisdiction of the court; but the motion may be amended, and the refusal to allow an amendment is a reversible error; and a recital in the judgment-entry, that the objections raised by demurrer "can not be cured by amendment," shows that the opportunity to amend was denied, although there is no bill of exceptions.

APPEAL from the Circuit Court of Cherokee.

The record does not show the name of the presiding judge.

This was a motion by S. M. Hood for a summary judgment against John S. Blair and the sureties on his official bond as sheriff, for his failure to make the money on two executions, or orders of sale, which had come to his hands to be executed, and which were issued by a justice of the peace, on two judgments rendered by him in attachment cases; one of said judgments being for $60, besides interest and costs, and the other for $100. The defendants demurred to the motion, assigning fourteen grounds of demurrer, among which were these: (1) that the court had no jurisdiction of the motion; (2) that the two cases were improperly joined in one motion; (3) that a summary judgment could not be rendered for the failure to make the money in an attachment case, or under a *vend. ex.* The court sustained the demurrer generally, and the judgment-entry recites, "It appearing that the objections raised by the demurrers can not be cured by amendment, it is considered that said motion be dismissed." There is no bill of exceptions in the record. The judgment of the court is assigned as error.

WALDEN & SON, for appellant,

J. L. BURNETT, *contra.*

WALKER, J.—A summary judgment may be rendered against a sheriff, for failing to make the money on an execution issued by a justice of the peace which by due diligence might have been made, for the amount of the execution and interest, and five per-cent. damages on the amount thereof; and the motion must be made in the Circuit Court when the amount claimed, by reason of interest or damages, exceeds the sum of one hundred dollars.—Code, §§ 3325 and 3333. Under former statutes, such judgments could not be rendered against sheriffs, for any negligence or misfeasance on their part in levying process issued by, and returnable before justices of the peace.—*Thompson v. Acree,* 69 Ala. 178. The motion in this case disclosed a state of

facts authorizing a summary judgment against the sheriff for failing to make the money on the execution issued on the judgment for one hundred dollars. The Circuit Court was without jurisdiction to render such judgment for the failure to make the money on the execution on the judgment for sixty dollars. That matter presented a case for a summary judgment by a justice of the peace. The motion as made presents two separate and distinct causes of action, which could not be joined, and as to one of which the Circuit Court was without jurisdiction. The demurrer to the motion upon this and other grounds was properly sustained.

But the motion could have been amended so as to cure its defects. The Circuit Court erred in adjudging that the objections suggested by the demurrers could not be removed by amendment, and in dismissing the motion on that ground. A mere failure by the court to tender an opportunity to amend before dismissing the motion would not be reversible error, in the absence of any showing that the right to amend was denied.—*Mahan v. Tatum,* 69 Ala. 466. In such case, it is not made to appear that the appellant was denied a privilege to which he was entitled. There is simply a failure to show that the question as to the existence of the right was raised in the lower court. When, however, this right is expressly denied by the court, and the motion is dismissed on this ground, it sufficiently appears that the appellant was deprived of a valuable right, and this error to his injury entitles him to a reversal.

Reversed and remanded.