[Parks, Register, *et al.* v. Bryant, *et al.*]

# Parks, Register, *et al. v.* Bryant *et al.*

*Summary Motion against Register and Sureties on his Bond.*

[Decided Feb. 5th, 1902.]

1. *Summary motion against register; jurisdiction; courts; Code, section 3767.*—Under section 3767 of the Code, providing a forum for the trial of summary motions against officers of court, and providing that "the motion must be made in the circuit court of the county in which such officer was acting officially at the time of the default, or in the court to which the process was returnable, when the default consists in the failure to execute or return process, or to pay over money collected thereon; and in all other cases not specially provided for, the motion must be made in the circuit court of the county in which the person moved against resides," a court of chancery has no jurisdiction of a motion against its register for an alleged default in failing to pay over proceeds of property sold under decrees of the court; decrees of court not being "process."

2. *Same; liability of register and his bondsmen for default in respect to payment of money collected under process; Code, Chapter 106, Art. IV.*—In the statute, authorizing summary motions against the register and the sureties on his official bond, no mention being made of default by such register in respect of the payment of moneys collected under process, such remedy cannot be pursued in such case: the remedy by summary motion being purely statutory. to be pursued in strict conformity with the statute and not to be extended to cases not therein specified.

APPEAL from City Court of Montgomery, in Equity. Heard before Hon. A. D. SAYRE.

This was an action by C. F. Bryant and others against W. H. Parks, register in chancery for the city court of Montgomery, and the surety on his official bond, for a summary judgment for failure to pay over moneys collected by him on the sale of property under decrees of the court. The motion was granted, and the defendants appeal.

MARKS & SAYRE, for appellants, filed an elaborate printed brief arguing that the judgment granting the motion was erroneous for various reasons. Upon the question of the jurisdiction of the city court, sitting in equity, to entertain the motion, they cited Code, § 3767; Constitution of Alabama, Art. VI, § 28; *Dry Goods Co. v. Bledsoe* 113 Ala. 418; *Gunns v. Howells,* 27 Ala. 663; *Matthews v. Forniss,* 91 Ala. 157; *Thompson v. Acree,* 69 Ala. 178; 20 Enc. Pl. & Pr., 1074.

W. W. PEARSON, *contra,* cited Code, §§ 3767, 3784, 3786.

SHARPE, J.—This appeal is from a judgment of the city court sitting in equity rendered on a motion made against the register in chancery who is *ex officio* register in the chancery side of the city court, and the surety on his official bond, for an alleged default on the part of the register in failing to pay over proceeds of property sold by decrees of that court and received by the present register in part from his predecessor in office and in part pursuant to a sale made by himself.

Authority for enforcing the obligation of a register's bond by a summary motion is found alone in chapter 106 of the Code. Section 3767 therein designates the forum for such suits by providing that "when the motion is against a sheriff, coroner, clerk, or other officer of the court, or their sureties, the motion must be made in the circuit court of the county in which such officer was acting officially at the time of the default or in the court to which the process was returnable, when the default consists in the failure to execute or return process, or to pay over money collected thereon; and in all other cases not specially provided for, the motion must be made in the circuit court of the county in which the person moved against resides; or if he has no permanent residence, then in any county where he may be found."

This section does not purport to confer jurisdiction on a court of chancery where the default has no connection with the process returnable to that court. The term process is used in this section in its ordinary legal

sense which renders it synonymous with writs; as in the constitution where it is directed "all *process* shall be styled The State of Alabama," and in section 3739 of the Code which requires the sheriff to execute all *"process* and orders of the courts of record of this State." Decrees of sale are not process and moneys received by the register merely as the custodian of sale proceeds belonging in court are not moneys collected under process within the meaning of section 3767. This appears even more plainly from the fact that decrees have not the quality of being "returnable" without which there could be no pretext for invoking a chancery court's jurisdiction in such cases.

Whether in view of the legal character of the the right of a jury trial, and other features of these statutes referred to by this court in *Thompson v. Acree,* 69 Ala. 178, a chancery court can have cognizance of any case arising under the chapter providing for summary remedies, is a question briefed by counsel but which is not necessary to the proper disposition of this cause.

The cases wherein a register's bond may be proceeded on by motion in a proper forum are specified in article 4 of the chapter referred to, and there no mention is made of default in respect of the payment of moneys collected under process: This probably for the reason that the sheriff and not the register is the official charged with the duty of executing process. Such remedies being purely statutory must be pursued in strict conformity with the statute creating them and cannot be extended by construction to cases not specified in the statute.—*Chandler v. Francis Vandegrift Shoe Co.,* 94 Ala. 233; *Leinkauff v. Tuscaloosa, etc., Co.,* 105 Ala. 328.

The city court sitting in equity was without jurisdiction of the subject matter of this suit, and, therefore, without review of its action the judgment will be reversed and the cause will be here dismissed.

Reversed and rendered.