# Burt *v.* Fraser, *et al.*

## *Assumpsit.*

(Decided Nov. 19, 1908.  47 South. 573.)

*Process; Service; Sufficiency.*—Service of a summons and complaint by leaving a copy thereof at the home of defendant therein is not a sufficient service of a process, and will not support a judgment by default rendered; section 5301, Code 1907, (3272, Code 1896) requires that such process must be executed by leaving a copy thereof with the defendant.

APPEAL from Bullock Circuit Court.

Heard before Hon. A. A. EVANS.

Action by S. T. Frazer and others against W. B. Burt. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

NORMAN & SON, for appellant. In order for the court to render a judgment by default against a person, it must affirmatively appear that jurisdiction of his person has been acquired by service of process upon him in the mode and manner prescribed by law.—Sec. 5301, Code 1907; 11 Cyc, 666. The return here shows no service.—*Melvin v. Clark*, 45 Ala. 285.

[Burt v. Fraser, et al.]

T. S. FRASER, for appellees.  No brief came to the Reporter.

ANDERSON, J.—In order for the court to have rendered a valid judgment by default against the defendant, it must affirmatively appear that jurisdiction of his person had been acquired by the service of process upon him in the mode and manner prescribed by law.  11 Cyc. 666.  The return of the summons in the case at bar was: "I have executed this writ Jan. 14th, 1908, by leaving a copy of the within summons and complaint at the home of the defendant, W. B. Burt."  Section 5301 of the Code of 1907 (section 3272 of Code of 1896) requires that the summons must be executed by leaving a copy of the summons and complaint with the defendant.  Leaving it at his home is not sufficient.—*Melvin v. Clark*, 45 Ala. 385.

The foregoing statute is unlike section 4022, Code 1907 (section 1826, Code 1896) as to serving subpoenas on witnesses.  Subpoenas may be executed by personal service, or by leaving a copy at the place of residence of the witness; but a summons must be served by leaving a copy with the defendant.  Leaving it at his home will not be sufficient.

The circuit court erred in rendering the judgment complained of, which is accordingly reversed, and the cause is remanded, in order that plaintiffs may obtain legal service if they desire.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.