# Tucker *v.* Gillespie.

## *Motion for Summary Judgment.*

(Decided Dec. 8, 1910. 53 South. 909.)

1. *Clerk of Court; Summary Judgment; Failure to Pay Witness Fee.*—The remedy given by section 5920-5935, Code 1907, is for the benefit of parties to actions in such court, and hence a summary judgment cannot be rendered thereunder against the clerk for witness fees collected by him, which he fails to pay over.

2. *Appeal and Error; Review; Reasons for Decisions.*—Where the court arrives at a correct decision of the cause in controversy, the reasons actuating the court are immaterial however erroneous.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Jerome A. Tucker entered a motion against John S. Gillespie as clerk and register of the city court of Birmingham for summary judgment to compel him to pay over certain fees collected for the movant as a witness in a certain cause theretofore tried in such court. From a judgment denying motion movant appeals. Affirmed.

GEORGE HUDDLESTON, for appellant. It will not be denied that Tucker's right to the witness fee is property whether it be taken as an interest in the money or as a right of action against Gillespie for the same. If this be true, then Tucker is deprived of his right of action by Acts 1909, p. 213, and also it is depriving Tucker within the meaning of the Constitution by appropriating Tucker's property to the use of the state.—*Dorman v. The State,* 34 Ala. 239; *Planters, etc., Co. v. Tunstall,* 72 Ala. 142; *State v. Boyles,* 7 Blackf. 90; *Barrett v. Holmes,* 102 U. S. 655; 17 Wall. 599; 132 Fed. 442. The inhibition against laws impairing the obligation of contract is applicable to implied contracts.—116 U. S. 135; 4 Fed. 377; 151 Mass. 364; 95 U. S. 683; 8 Wheat. 84; 6 Wheat. 131. The provisions of the Act are not clearly stated in the title.—Sec. 45, Const. 1901; *State v. So. Ry.,* 115 Ala. 250; *State v. Burgin,* 113 Ala. 170; *Brown v. The State,* 115 Ala. 74; *Yahn v. Merritt,* 117 Ala. 485; *State v. Lewis,* 130 Ala. 148.

J. M. GILLESPIE, for appellee. No brief came to the Reporter.

MAYFIELD, J.—The case made for appellant on this appeal is stated by counsel as follows:

"This is a proceeding to test the constitutionality of the act of the Legislature of Alabama approved August 26, 1909, entitled: 'An act to regulate the disposition and disbursement of witness fees collected by clerks of courts of record and which fees have not been paid out to the parties entitled thereto within two years after collected by the clerk.' See Acts of Alabama Special Session 1909, p. 213. This proceeding originated by a motion for summary judgment against defendant, as clerk and register of the city court of Birmigham, under article 4, c. 140, of the Code of 1907, for failure to pay

over to movant fees due him as a witness, which had been collected by defendant. The motion was overruled, and movant takes this appeal.

"The motion shows that defendant, as clerk and register of the city court of Birmingham, collected on December 20, 1902, fees due movant for prior attendance as a witness in a case in said court which had been then terminated; that defendant had held such moneys up to the time the motion was made; that movant did not know until after January 1, 1910, that he had collected same; and that defendant had failed to pay over same to movant on his demand, assigning as defendant's excuse the act of the Legislature above referred to. The motion alleged that the act was violative of the Constitutions of the United States and of the state of Alabama for the reasons that: (a) Said act deprives movant of property without due process of law; (b) impairs the obligation of the contract; (c) extinguishes a vested right; and (d) that it was not enacted in a constitutional manner, for that the subject thereof is not clearly expressed in its title. The averments of fact of the motion were admitted by the defendant by a written answer, only the allegation as to unconstitutionality being controverted. It is to be noted that the sole point at issue is whether or not the statute is constitutional."

The trouble is that the constitutionality of this statute was a question not properly before the lower court, and is not properly before this court. The facts stated in the motion for a summary judgment against the clerk did not authorize a proceeding of that kind against that officer. The court had no jurisdiction of the subject-matter, and no power to render any summary judgment against the clerk on the facts stated in the motion, whether the statute in question is valid or void. The statute in question was not intended to confer or to take

away any jurisdiction of the courts to render such judgment against clerks, nor is any such contention here made by counsel for appellant. The trouble is that the facts contained in the petition do not show any right on the part of the movant to proceed against the clerk under article 4 of chapter 140 of the Code. When an officer's or witness' fees have been taxed as a part of the costs, and a judgment has been rendered therefor, while it is in the name of one of the parties to the suit, it may be that the officer or witness may have some equitable or legal right or claim thereto, which, in an appropriate proceeding, might be protected; yet that question is not before us, and we do not decide it. We decide only that the summary remedy given by statute, under which this proceeding was instituted, was not the appropriate or proper proceeding.

This was expressly decided by this court more than half a century ago, and has never been departed from. In the case of *Gary v. Boykin,* 7 Ala. 156, it was held that the summary remedy given by our statutes was for the benefit of suitors in the courts, and did not apply to officers or witnesses seeking to recover costs only. This case was reaffirmed in *Patterson v. Officers of Circuit Court of Mobile,* 11 Ala. 742; and it was there held that a summary judgment, under the statutes, in favor of the officers, for fees, was a nullity. We can see no reason why a witness should have any better or more standing, for his fees, than do the officers of the court for theirs.

The lower court having rendered the only judgment that should have been rendered on the motion, the reasons impelling the court to it, or assigned by the court for it, become immaterial on appeal. It is not necessary, and, indeed, would not be proper, in this case, for this court to express any opinion as to the validity or

[Chandler v. Johnston Lumber Co.]

effect of the statute requiring costs to be paid into the state treasury.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.