(79 South. 664)
BARTON v. BURTON MFG. CO.
(6 Div. 731.)

(Supreme Court of Alabama. May 30, 1918. Rehearing Denied June 20, 1918.)

1. ATTORNEY AND CLIENT ☜101(1)—AGREEMENT TO RELEASE FROM LEVY.

Agreement, made with defendant in execution by attorney for plaintiff in execution, to have sheriff release defendant's property from levy, was not binding on plaintiff in execution.

2. JUDGMENT ☜342(1)—POWER OF COURT—TERMINATION—STATUTE.

Where judgment was rendered March 13th, and execution issued April 1st, though term of court was open until last of June, so far as finality of particular judgment was concerned, term ended, under Acts 1915, p. 708, so as to terminate court's power over judgment, on lapse of 30 days after its rendition.

3. JUDGMENT ☜407(2)—MOTION TO VACATE—FAILURE IN DILIGENCE.

If judgment debtor received notice of judgment in sufficient time before expiration of 30 days from its rendition to move in court which rendered judgment to have it set aside, it was judgment debtor's duty to act upon his reasonable opportunity to have judgment vacated for lack of notice of suit to him, and, having failed to do so, he is without remedy in chancery.

4. JUDGMENT ☜407(6) — REDRESS — FAILURE TO APPLY—EXCUSE.

Judgment debtor's failure to apply to trial court for redress against judgment must show that no reasonable opportunity so to apply came to the judgment debtor, or that he was prevented by fraud.

5. EXECUTION ☜172(4)—SUIT TO RESTRAIN—NOTICE OF JUDGMENT—SUFFICIENCY OF EVIDENCE.

In suit to enjoin execution of judgment, averment of amended bill, as to date of first notice to complainant of judgment against him, held not sustained by evidence.

6. EXECUTION ☜172(4)—INJUNCTION—LACK OF NOTICE OF JUDGMENT—BURDEN OF PROOF.

In suit to enjoin execution of judgment, burden of proof was upon complainant to establish his lack of notice of existence of judgment in time to apply to court of its rendition to have it set aside, because he had no knowledge of suit until after rendition.

7. PROCESS ☜78 — EXECUTION — LEAVING COPY.

Although it was competent for sheriff or deputy to execute process by leaving copy with defendant, under Code 1907, § 5301, leaving a copy at home of party to be served is not sufficient compliance with the statute.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Suit by W. J. Barton against the Burton Manufacturing Company. From an adverse decree, complainant appeals. Affirmed.

J. M. Pennington, of Jasper, for appellant. A. F. Fite, of Jasper, for appellee.

THOMAS, J. The bill was filed by appellant to enjoin the execution of a judgment. The appellant avers in his bill that in the suit in which the judgment was obtained against Barton Bros., a partnership, a judgment was rendered against him as a partner, whereas in fact he was not a member of the partnership at any time; that he did not owe the plaintiff anything, either as a member of said firm or as an individual. A further averment is that on the 13th day of March, 1916, the judgment was rendered against the partnership and against appellant as a member thereof; "that on the 1st day of April, 1916, an execution was issued from the said court and by the clerk of said court and placed in the hands of W. T. Williams, as sheriff of said county, for collection; that said W. T. Williams, as sheriff, notified your petitioner that said execution was in his hands and that he would be compelled to make a levy unless the judgment was paid." It is further averred that at no time had complainant any notice of said suit until informed by the said sheriff of said execution, as stated; that 'no summons and complaint, nor copy of such, was ever served upon complainant; "that he had no notice that he was sued until so notified by the said sheriff as set out above; that he had a good and lawful defense to said suit, as set out above, and was prevented from interposing same, by having no notice of said suit; that when the said sheriff so notified your petitioner, * * * your petitioner * * * notified the sheriff that he had not been served with any summons and complaint, and had not had any notice of said suit until and up to that time; that the said sheriff W. T. Williams levied on two black mare mules four years old, the property of your petitioner, under said execution; that your petitioner executed a forthcoming bond for said mules and kept same in his possession." It is further averred that complainant went to see the plaintiff in judgment, or its agents, with reference to said levy, and that its attorney of record agreed to have the sheriff release the property of complainant, so levied upon; but that the said attorney failed to so notify the sheriff, and the sale of said property was continued from time to time, complainant all the while relying on said agreement with said attorney of record. The prayer of the bill is for a writ of injunction restraining the sheriff and the said Burton Manufacturing Company, a corporation, the plaintiff in said judgment, from making a sale of said property, and for general relief. The bill was sworn to on October 7 and filed on October 10, 1916. The injunctive writ issued pursuant to the order therefor and the giving of the bond prescribed.

After demurrers and sworn answer of respondent filed, there was submission on demurrers to the bill as amended, and on January 31, 1917, the demurrers were overruled.

On April 20th, defendant moved to dissolve the injunction, because there was no equity in the bill, and upon the sworn answer filed by the respondent. On May 4, 1917, by leave of the court, complainant amended his bill by averring that he was notified by the said sheriff, W. T. Williams, or by one of his authorized deputies of said execution, by letter or written notice, during the month of August, 1916, "which was the first notice or knowledge that he had ever had of said judgment, suit, or execution; that he had had no notice or knowledge of said suit, judgment, or execution, until so notified by the said sheriff, or his authorized deputy, which was, to wit, five months after said judgment had been rendered against him; that said notice was long after the adjournment of said court, and after the expiration of the time within which he could have made application to said court to have said judgment set aside." This amendment was duly sworn to on said date. On May 11th the respondent refiled demurrers to the bill as amended, and, in addition thereto, denied under oath the allegations contained in the amendment.

On final submission on pleading and proof, on demurrer to the bill as amended, and on the motion to dissolve the temporary writ of injunction, it was decreed that the writ of injunction be dissolved, and that the bill as amended, being without equity and unsupported by the proof, be dismissed at the cost of the complainant. Pending appeal to this court the temporary injunction was on the 21st day of November, 1917, duly reinstated. The assignment of errors challenges the decree, in dismissing the bill, in dissolving the temporary writ of injunction, and in failing to make such temporary writ permanent, as prayed. The record does not clearly disclose whether part of the testimony was taken ore tenus, in open court before the judge thereof, or whether it was elicited by way of answers to depositions propounded according to the usual method prevailing in chancery courts. If the testimony or any material portion thereof, was given ore tenus before the trial judge, the rule declared in Andrews v. Grey, 74 South. 62,[1] and State, etc., v. Mattox Cigar & Tobacco Co., 77 South. 755,[2] would have application. By a reference to the other portions of the record, we find warrant to hold that the rule has no application. Code, 1907, § 5955, subd. 1.

[1] As to the verbal agreement alleged to have been made between complainant and respondent's counsel, to the effect that the latter would have the sheriff release complainant's property from the levy, the bill is without equity. If the attorney made the agreement it was not binding on the plaintiff in execution. However, in the light of the whole evidence on this point, we are of opinion that such an agreement was not made by counsel with complainant. The letter of September 27, 1916, tends to negative the subsistence

[1] 199 Ala. 152.      [2] 201 Ala. 229.

of such an agreement; it states the matter of which complainant is writing, begs to advise that the sheriff had property of the writer advertised, and that its sale was continued awaiting the advice of counsel—suggesting that the writer should not be made to suffer when he was not a member of the partnership in question, and asking counsel's consideration of the matter, etc. By an act to further regulate proceedings in the circuit courts, among other things fixing "the time when judgments and decrees become final," and providing for "issuing executions" thereon and for "motions to set aside judgments and decrees" and for "new trials" (Gen. Acts, 1915, p. 708, § 3), it is provided:

"That after the lapse of ten days from the rendition of a judgment or decree the plaintiff may have execution issued thereon, and after the lapse of thirty days from the date on which a judgment or decree was rendered the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day."

[2] The judgment of the Burton Manufacturing Company against appellant was rendered March 13, 1916, and execution thereon issued April 1st thereafter. Though the term of the court at which the judgment was rendered was open until the last of June, it in effect ended, so far as the finality of this particular judgment was concerned, upon the lapse of 30 days after its rendition. Acts 1915, p. 708; Hale v. Kinnaird, 200 Ala. 596, 76 South. 954.

[3, 4] The lower court found, on the evidence, that complainant received notice of the judgment against him in sufficient time (before the expiration of the 30 days from its rendition) to move in that court to have such judgment set aside. If he had such reasonable opportunity to apply to the trial court and have the judgment vacated for failure of notice, it was his duty to act upon it. The highest degree of diligence is exacted of a complainant in this situation; failing therein, he is without remedy in chancery. Ex parte Wallace, 60 Ala. 267; Norman v. Burns, 67 Ala. 248; Hendley v. Chabert, 189 Ala. 258, 65 South. 993. The diligence which will excuse failure to apply to the law court for redress must show that no reasonable opportunity to apply to that court came to the complainant, or that he was prevented by fraud from making such application. Collier v. Parish, 147 Ala. 526, 41 South. 772; Foshee v. McCreary, 123 Ala. 493, 26 South. 309; Waldrom v. Waldrom, 76 Ala. 285, 291; Sims v. Riggins, 77 South. 399.[3] That is to say, the circumstances relied on to excuse failure to defend at law, or to apply to such court for relief, must have been such that no exercise of diligence on complainant's part could have guarded against the result from which relief is sought in equity. Ex parte Wallace,

60 Ala. 267; Collier v. Falk, 66 Ala. 223; Norman v. Burns, 67 Ala. 248, 252.

[5, 6] This record has been carefully examined with the view to ascertain, as nearly as possible, the time when actual notice was brought to the complainant of the rendition of the judgment in question against him, and we are of opinion that the same long antedated the motion of August, 1916. The averment of the amended bill, as to date of notice, is not sustained by the weight of the evidence. Witness Carroll, the deputy sheriff who made the levy in question, testified that when he went to work in the sheriff's office in June, 1916, he "took up" complainant's execution and made up a statement of the amount due thereunder, including costs, and sent it to him by mail "in an envelope addressed to them at their post office, postage prepaid, the envelope used being the official envelope of the sheriff, with the sheriff's return card on the upper left-hand corner of said envelope; these were not returned;" that at that time the mail was carried directly from Lynn to Double Springs, the county seat, leaving the former place in the morning and reaching the latter at about noon of the same day, Lynn being the post office of complainant. In his answers to interrogatories propounded under the statute, complainant admitted that he had received more than one notice from the sheriff, as to the judgment, but stated that he did not remember the date the first notice was received. Later, by amendment and his testimony, he fixes the date of his first notice as having been in August.

The fair import of the evidence of witness Carroll was that he sent a letter, giving notice to complainant and his brother, of this judgment—of the amount thereof and the costs. The fact that this letter was not returned was prima facie evidence that he had knowledge of the existence of the judgment against him long before August. The burden of proof was upon complainant to establish his lack of notice. The sheriff testified without equivocation that the execution came into his hands on the 1st day of April, 1916, and that he gave notice to the defendant therein of the fact of the receipt of said execution, by letter properly stamped and addressed and mailed to complainant at his post office, the envelope used being the official envelope of the sheriff; that this was "about two or three days" after said execution came into his hands; that the envelope had printed on it, "After five days return to W. T. Williams," and under this, "Sheriff of Winston County, Double Springs;" and that this letter was never returned. Mutual Aid Ass'n of Alabama v. Stewart, 192 Ala. 23, 68 South. 254.

Under this evidence the date of complainant's (defendant in judgment's) first notice of the rendition of the judgment against him was not later than April

[3] 201 Ala. 99.

4th thereafter—thus giving ample opportunity to complainant to apply to the trial court for a vacation or modification of the judgment, as to himself, because of the irregularity complained of. The evidence is not silent, however, of positive testimony tending to show notice brought home to complainant of the pendency of the suit. The deputy sheriff (Mr. Dodd), a neighbor of defendant in the suit and judgment, testified that he remembered receiving from the sheriff the summons and complaint in the case of Burton Manufacturing Company v. Mack, John, and Jim Barton, and the partnership of Barton Bros.; that he left a copy with Mack Barton, one with Jim Barton's wife, and one with John Barton's girl (this complainant's daughter), the father not being at home. This witness further testified, against complainant's objection and exception, that he told complainant's daughter to give the summons to her father, and that she replied that she would do so, whereupon, as deputy sheriff, he made return to the sheriff of the county of the service of the summons and complaint on the said Bartons as members of that partnership.

[7] It was competent for the sheriff or his deputy to execute the process by leaving a copy thereof with the defendant. Code 1907, § 5301; Burt v. Fraser, 157 Ala. 574, 47 South. 572; Morrow v. Norvell-Shapleigh Co., 165 Ala. 331, 51 South. 766. Leaving a copy at the home of the party to be served has been held not to be a sufficient compliance with the statute. Melvin v. Clark, 45 Ala. 285; Burt v. Fraser, supra. While this evidence, strictly speaking, was not a part of the res gestæ of the legal service of summons and complaint in the suit pending in the circuit court, yet it was sufficient, as supporting the other testimony in the case, and as tending to show not only that complainant had knowledge or notice of the rendition of the judgment against him as a member of the partnership of Barton Bros., but that his first notice of the pendency of the suit and of the rendition of the judgment against him was received by him long before August, as averred in his amended bill, and as he subsequently testified. If the testimony given by the sheriff and his deputies be true, the defendant in judgment could have applied to the proper court, within 30 days after rendition of the judgment, to have the same vacated or set aside for failure of knowledge or notice to him of the pendency of the suit and judgment.

In the present condition of the record, having due regard for the burden of proof, we are of the opinion that complainant has failed to carry the burden of the evidence by showing that he did not know of the existence of the judgment against him until too late to apply to the court of its rendition,

to have it set aside. The decree of the circuit court in equity is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.