(99 South. 175)

**NORTH BIRMINGHAM TRUST & SAVINGS BANK v. HEARN et al. (6 Div. 40.)**

(Supreme Court of Alabama. Feb. 7, 1924.)

**1. Officers ⬳119—Summary remedies against officers granted only in strict conformity to statute.**

Summary remedies against public officers withholding funds are applicable only in the cases specified by statutes and grantable only in strict conformity thereto, and the record must disclose every fact necessary to entitle the party to such remedy and its pursuance according to the statute.

**2. Officers ⬳119—Summary remedies given for named defaults of public officers, and penal in character.**

Summary remedies are given for certain named defaults of public officers, and are penal in character. Code 1907, § 5899.

**3. Officers ⬳119—Motion for summary judgment against officer converting funds lies though funds no longer in his hands.**

A motion for summary judgment against an officer converting funds received by him for safe-keeping until paid out by authority of law lies, though he no longer has the funds in his hands; he being estopped to assert such fact when ordered to pay them over to the party adjudged entitled thereto.

**4. Appeal and error ⬳460(2)—Execution of decree directing payment not suspended by appeal.**

Execution of a decree directing payment of money paid into court is not suspended by appeal, unless superseded as the law directs.

**5. Deposits in court ⬳11—Register held bound to pay over fund as directed on demand.**

Under a decree directing the register of the circuit court to pay over a fund paid into court on a bill of interpleader without naming any time therefor, it was the register's duty to pay over the fund as directed on demand and failure to do so would subject him to the motion for summary judgment provided by Code 1907, § 5922, though he did not notify counsel for an adverse claimant of the decree as he promised.

**6. Appeal and error ⬳458(1)—Method of protecting litigants' rights to funds pending appeal stated.**

The usual and proper method of protecting the rights of litigants to funds paid into court until their rights are finally determined on appeal is by incorporating in the decree directing payment an order postponing disposition of the fund by the clerk or register for a fixed and reasonable time and prescribing the amount of the supersedeas bond to be given under Code 1907, § 2875.

**7. Deposits in court ⬳11—Court's failure to require restitution of fund pending appeal from decree ordering payment does not render register subject to motion for summary judgment.**

That the court, rendering a decree directing the register to pay over a fund paid into court on a bill of interpleader, could modify or vacate it within 30 days and thus retain jurisdiction over the parties and require restitution of the fund to be held intact pending appeal on giving the proper supersedeas bond (Acts 1915, p. 707, § 3), does not render the register subject to a motion for summary judgment under Code 1907, §§ 5920–5922.

**8. Deposits in court ⬳11 — Officer holding funds fully protected by decree directing payment, though time for appeal has not elapsed or appeal is pending.**

A court officer holding funds under order of a court having jurisdiction thereof and of claimants is fully protected by a decree adjudicating the right thereto and directing him to pay them over, though the time for appeal has not elapsed, or an appeal has been taken, unless it has been superseded or otherwise held up.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Motion by the North Birmingham Trust & Savings Bank for summary judgment against F. A. Hearn and the United States

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Fidelity & Guaranty Company. From an order or judgment sustaining a demurrer to special replications, movant appeals. Affirmed.

Black, Harris & Foster, of Birmingham, for appellant.

Counsel argue for error in the judgment and cite Code 1907, §§ 5920-5922.

Russell & Johnson, of Oneonta, for appellees.

Summary judgment cannot be maintained against the register after he has paid out the fund. Code 1907, §§ 5920-5922; 11 C. J. 892.

BOULDIN, J. [1] The action is by motion for summary judgment against the register of the circuit court in equity and the surety on his bond, under sections 5920-5922, Code of 1907. "These summary remedies are applicable only in the particular cases specified by the statutes, are not to be extended by construction, are grantable only in strict conformity to the statute, and the record must disclose every fact necessary to entitle the party to such remedy, and that it has been pursued according to the statute. 2 Brick. Dig. 464, §§ 1, 6; 3 Brick. Dig. 751; Warwick v. Brooks, 70 Ala. 412." Chandler v. Francis Vandegrift Shoe Co., 94 Ala. 233, 235, 10 South. 353; Leinkauff & Strauss v. Tuskaloosa, etc., Co., 105 Ala. 328, 16 South. 891; Parks v. Bryant, 132 Ala. 224, 31 South. 593; Tucker v. Gillespie, 169 Ala. 491, 53 South. 909; Patterson v. Court, 11 Ala. 740; Armstrong v. Holley, 29 Ala. 305.

[2] It may be added they are given for certain named "defaults" of public officers, and are penal in character. Code 1907, § 5899. The penalty under section 5922 is fixed at 5 per centum per month on the amount of funds received by the clerk or register from the time of the demand. In this cause the fund was paid into court on a bill of interpleader in equity. It was held to be the property of movant on appeal to this court. Bentley Merc. Co. v. Blackwood, 209 Ala. 169, 95 South. 808.

Plea No. 2 discloses that the several claimants appeared and litigated their respective claims, and on final hearing the fund was decreed to claimant, John Blackwood, saying:

"* * * The register of this court is hereby directed and required to pay over to the said John Blackwood, respondent, or his order, or his solicitors of record, the said sum of twenty-five hundred and seventeen and $^{35}/_{100}$ dollars," etc.

The plea further shows that on the day the decree. was rendered the register paid over the money on demand as directed by the decree. The replication to this plea, taken in connection with the motion, set up in substance: That at the hearing the cause was taken under advisement; that the attorney for claimant, North Birmingham Trust & Savings Bank, then gave notice to the register that, in the event of an adverse decision, an appeal would be taken, and requested notice of the decree, as soon as rendered; that the register promised to give this notice and failed so to do; that movant's attorney, residing in another county, first learned of the decree 21 days after it was rendered. Estoppel and fraud are charged in paying over the money without notice, with intent to defeat this claimant, and favor Blackwood.

[3] We do not concur in the view that a summary motion will not lie in any event where the officer no longer has the fund in his hands. Funds so held must be safely kept until paid out by authority of law. If converted by the officer, he would be estopped to say the funds were not in his hands, when ordered to pay them over to the party adjudged to be entitled thereto.

[4, 5] The primary question here is: What was the duty of the register, on coming in of the decree in favor of claimant Blackwood? The decree by its terms became presently operative. The payment of the money to Blackwood was not postponed by the decree. Our statutes fix the time when executions shall issue on judgments and decrees, but we find no statute nor rule, and none is suggested, authorizing a clerk or register to hold funds after decree directing them paid out, and naming no time therefor. The matter is left to the court to conserve funds intrusted to its keeping until the rights of parties are finally adjudicated. The execution of such decrees is not suspended by appeal, unless superseded as the law directs. We must conclude that under this decree it was the duty of the register to pay over this fund as directed on demand. A failure to do so would have subjected him to the motion provided in section 5922, Code of 1907.

If the register agreed to notify counsel, it was his duty so to do. A proper courtesy from officers toward attorneys and litigants should be always observed, without favoritism. But this was a moral, not a legal, duty; a personal, and not an official, one. If notice had been given, it would not have avoided the duty to follow the decree. There is a like duty on the part of attorneys to aid and properly advise public officers in the performance of duties with which they are connected, to the end that officers may keep within the law and render efficient public service.

[6] We cannot too strongly urge the importance of protecting the rights of litigants to funds intrusted to the keeping of the court until their rights are finally determined. Confidence in the administration of justice is at stake. The usual and proper method is to incorporate in the decree itself an order postponing the disposition of the fund by the clerk or register for a fixed and rea-

sonable time, and prescribing the amount of a supersedeas bond to be given under section 2875, Code of 1907, in case an appeal is prosecuted.

[7] It is just in this case to note that the decree was under the control of the court for 30 days after it was entered. During that period it was in the breast of the court. He had power to modify or vacate it. On motion, he could thus have retained jurisdiction over the parties, and required restitution of the fund, to be held intact pending appeal, upon giving the proper supersedeas bond. Acts 1915, p. 707, § 3; Barton v. Burton Mfg. Co., 202 Ala. 180, 79 South. 664; Ex parte Margart, 207 Ala. 604, 93 South. 505. But the register has no such power. It is his duty to execute the decree as directed. As said in Hovey v. McDonald, 109 U. S. 150, 162, 3 Sup. Ct. 136, 144 (27 L. Ed. 888), a similar case:

"But if the court failed to do what it might properly have done, such failure ought not to be visited upon the receiver, who was the mere instrument and hand of the court, and subject to its order. It was his duty to obey the decree as made."

[8] So far as we find, it is everywhere agreed that an officer of the court holding funds under order of the court having jurisdiction of the fund, and of the parties, is fully protected by a decree of the court adjudicating the right thereto and directing him to pay it over, although the time for appeal has not elapsed, or after appeal taken unless superseded, or otherwise held up. McFadden v. Swinerton, 36 Or. 336, 59 Pac. 816, 62 Pac. 12; Willis v. Keator (Tex. Civ. App.) 181 S. W. 556; Keck v. Allender, 42 W. Va. 420, 26 S. E. 437, 11 C. J., pp. 897, 898, § 101; McPhillips v. McGrath, 117 Ala. 549, 23 South. 721; Davidson v. Wiley, Banks & Co., 31 Ala. 452.

The rulings of the trial court were in harmony with this opinion, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.