195 So.2d 890

**STATE of Alabama**

v.

**J. B. BLACKBURN.**

**I Div. 322.**

Supreme Court of Alabama.

Feb. 23, 1967.

Richmond M. Flowers, Atty. Gen., Kenneth Cooper and Bert S. Nettles, Special Asst. Attys. Gen., and Johnston, Johnston & Nettles, Mobile, for appellant.

Jas. R. Owen, Bay Minette, for appellee.

MERRILL, Justice.

Counsel for the State of Alabama filed information charging appellee with contempt of court. Appellee's demurrer to the information was sustained, and upon being informed by State's counsel that they would not amend, the proceeding was dismissed. This appeal followed.

The information or petition disclosed that an award of $40,000 was made in the suit of State v. Wayne Huggins, in probate court, for condemnation of Huggins' land for highway purposes; that this award was paid into probate court and the State appealed to circuit court; that on March 9, 1965, a jury awarded Huggins $25,000 as compensation and damages; that the State's motion for a new trial, timely filed, was overruled on May 15, 1965; that on May 18, 1965, appellee, attorney of record for Huggins, went to the circuit clerk's office and procured from her $25,000 of the $40,000 as satisfaction of the verdict and judgment; that the Special Assistant Attorney General filed an appeal for the State of Alabama to this court on May 28, 1965, and on that date he first learned that the clerk had paid the judgment, and he requested the clerk to secure the return of the money from appellee; that she made this request of appellee, but appellee informed her in writing that he would not refund the $25,000 until ordered to do so by a court of competent jurisdiction, but that he would protect the clerk from any liability for having paid the amount of the judgment to him; and that appellee had not returned the money to the clerk.

The petition asked that appellee be adjudged in contempt of the Circuit Court of

Baldwin County for "having willfully and unlawfully interfered with Property *in gremio legis*" of that court; that he be ordered to return the money to the clerk, including interest, and that a reasonable attorneys' fee be awarded to the attorneys representing the State of Alabama.

On the day set for the hearing on the demurrer to the petition, the trial court permitted the taking of testimony in support of the petition and the answer filed by appellee. The appellee and the Special Assistant Attorney General testified. The court announced that the taking of testimony would not prejudice his ruling on the demurrer and both sides agreed that the evidence be taken at that time. Later, the trial court sustained the demurrer, and being advised that the State would not amend its petition further, dismissed the petition.

We have concluded that the petition or information did not show that appellee was guilty of contempt. We have been influenced in that decision by two cases which were not cited to us by either side in brief or in oral argument. The first case is North Birmingham Trust & Savings Bank v. Hearn, 211 Ala. 18, 99 So. 175, where the register of the circuit court in equity and his bondsmen were sued because the register paid $2,500.35 to Blackwood, a party to the suit, on the same day the final decree was rendered, even though the attorney for the bank had given notice to the register that, in the event of an adverse decision, an appeal would be taken, and requested notice of the decree as soon as rendered. The attorney first learned of the decree twenty-one days after it was rendered. We quote from the opinion by Bouldin, J.:

"The primary question here is: What was the duty of the register, on coming in of the decree in favor of claimant Blackwood? The decree by its terms became presently operative. The payment of the money to Blackwood was not postponed by the decree. Our statutes fix the time when executions shall issue on judgments and decrees, but we find no statute nor rule, and none is suggested, authorizing a clerk or register to hold funds after decree directing them paid out, and naming no time therefor. The matter is left to the court to conserve funds intrusted to its keeping until the rights of parties are finally adjudicated. The execution of such decrees is not suspended by appeal, unless superseded as the law directs. We must conclude that under this decree it was the duty of the register to pay over this fund as directed on demand. A failure to do so would have subjected him to the motion provided in section 5922, Code of 1907.

\* \* \* \* \* \*

"We cannot too strongly urge the importance of protecting the rights of litigants to funds intrusted to the keeping of the court until their rights are finally determined. Confidence in the administration of justice is at stake. The usual and proper method is to incorporate in the decree itself an order postponing the disposition of the fund by the clerk or register for a fixed and reasonable time, and prescribing the amount of a supersedeas bond to be given under section 2875, Code of 1907, in case an appeal is prosecuted.

"It is just in this case to note that the decree was under the control of the court for 30 days after it was entered. During that period it was in the breast of the court. He had power to modify or vacate it. On motion, he could thus have retained jurisdiction over the parties, and required restitution of the fund, to be held intact pending appeal, upon giving the proper supersedeas bond. Acts 1915, p. 707, § 3; Barton v. Burton Mfg. Co., 202 Ala. 180, 79 So. 664; Ex parte Margart, 207 Ala. 604, 93 So. 505. But the register has no such power. It is his duty to execute the decree as directed. As said in Hovey v. McDonald, 109 U.S. 150, 162, 3 S.Ct. 136, 144, 27 L.Ed. 888, a similar case:

" 'But if the court failed to do what it might properly have done, such failure ought not to be visited upon the receiver, who was the mere instrument and hand of the court, and subject to its order. It was his duty to obey the decree as made.'

"So far as we find, it is everywhere agreed that an officer of the court holding funds under order of the court having jurisdiction of the fund, and of the parties, is fully protected by a decree of the court adjudicating the right thereto and directing him to pay it over, although the time for appeal has not elapsed, or after appeal taken unless superseded, or otherwise held up. [Citing cases]."

The other case is the third appeal of First National Bank of Birmingham v. Garrison, 235 Ala. 687, 180 So. 690. The plaintiff, in a garnishment proceeding, contested the answer of the bank garnishee. The contest proceedings were quashed and the garnishee discharged by order of the circuit court. On the second day after the discharge order, the garnishee paid out most of the funds subject to the garnishment on checks signed by the defendant. Within thirty days from the rendition of the discharge order, the plaintiff filed his security for cost of appeal and the order discharging the garnishee was reversed. The garnishee contended that it was not liable because it had been discharged and it honored checks on the funds and paid the money out before an appeal was taken.

This court held that the judgment discharging the garnishee was in the breast of the court for thirty days (Tit. 13, § 119), with full power to vacate the judgment on application or ex mero motu, and was still in fieri; that all persons were presumed to know this rule of law, and if the garnishee paid out the funds within this time "it must be held to have done so at its own risk." Two of the justices thought the ten days allowed by Tit. 13, § 119, before execution is issued was preferable as a reasonable time in which the plaintiff should take action, but they concurred that the thirty-day period should be allowed for perfecting an appeal, and supersedeas.

We agree with the following statement from the concurring opinion of Bouldin, J.:

"We cannot sanction a rule which would allow a race of diligence between the defendant and the plaintiff, the one to draw the money, the other to institute legal measures to keep the subject matter of the suit in status quo."

Applying these principles to the instant case, we hold (1) that the respondent, counsel for plaintiff, was premature in requesting the clerk to pay the judgment to him; (2) that he was not guilty of contempt in requesting and receiving payment since no fraud or deceit or any other provision of Tit. 13, § 2, Code 1940, was violated; (3) that petitioner's proper remedy was to bring the matter to the trial court's attention within the thirty-day period and it could have "required restitution of the fund, to be held intact pending appeal."

We suggest that trial courts might well follow the admonition in the Hearn case, 211 Ala. 18, 99 So. 175, and "incorporate in the decree itself an order postponing the disposition of the fund by the clerk or register for a fixed and reasonable time."

We have deliberately withheld the announcement of the result in this case until the condemnation case, State v. Huggins, 280 Ala. 538, 196 So.2d 387, was decided. Since that judgment was reversed, the trial court will direct and order the respondent to restore the sum of $25,000 to the clerk within ten days of the receipt of such direction and order.

In the instant case, the trial court correctly sustained the demurrer to the petition, and petitioner declining to plead further, correctly dismissed the petition.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.